MONTGOMERY and another vs. THE BOARD OF SUPERVISORS OF JACKSON COUNTY.

*County Board—Criminal Prosecutions.*

The county board of supervisors have no authority to employ at the expense of the county an attorney to aid the district attorney in a criminal prosecution.

APPEAL from the Circuit Court for *Trempealeau* County.

The plaintiffs, who are partners as attorneys-at-law, presented to the supervisors of Jackson county an account against the county for services rendered by *Mr. Montgomery* in the prosecution of a person indicted in that

county for murder. The account was disallowed, the supervisors denying that *Mr. Montgomery* had ever been employed by the county to render such services. An appeal was taken to the circuit court, and the venue changed to Trempealeau county. The plaintiffs offered to prove that *Mr. Montgomery* was retained by the supervisors of Jackson county, on the application of the then district attorney of said county, to assist said district attorney in the prosecution above mentioned, and that he did so assist; and the value of his services; but the court ruled out the evidence, and instructed the jury to find for the defendant. Verdict and judgment accordingly; and plaintiffs appealed.

*Cameron & Losey* and *S. U. Pinney*, for the appellants, as to the general powers of counties, cited R. S., ch. 13, secs. 1, 2; *Peterson v. Mayor*, 17 N. Y., 449; *Ketchum v. City of Buffalo*, 14 id., 356; *Le Couteulx v. City of Buffalo*, 33 id., 333; *Miller v. City of Milwaukee*, 14 Wis., 642. It being primarily the duty of the county to prosecute offenders, it can, through its officers, exercise that power judiciously in any manner not expressly prohibited by statute, such right being incident to the exercise of its corporate powers and duties. *Breitenbach v. Turner*, 18 Wis., 140. This court held, in *Carpenter v. Dane Co.*, 9 Wis., 274, that the county is liable for the services of an attorney appointed by the court to defend an indigent prisoner, though the statute confers no express authority on the county to employ or the court to appoint counsel. The same reasoning would apply in this case. The services rendered were valuable and beneficial to the state and the county, and the latter is liable therefor without any express provision of statute. *Bright v. Chenango Co.*, 18 Johns., 242; *Mallory v. Courtland Co.*, 2 Cow., 531; *Doubleday v. Broome Co.*, 2 id., 533; *People v. Albany*, 12 Wend., 257; *Brady v. New York*, 2 Sandf. (S. C.) 460, and 10 N. Y., 260; *Gillespie v. Broas*, 23 Barb., 370.

*Hugh Cameron*, for respondent.

DOWNER, J. The only question presented by this appeal is, whether the board of supervisors of a county have authority to employ, at the expense of the county, an attorney to aid the district attorney in prosecuting an indictment for murder. The law has made ample provisions for the prosecution of criminal actions. Section 17 of Art. VII of the constitution, provides that all criminal prosecutions shall be carried on in the name and by the authority of the state. The constitution and laws also provide for the election of district attorneys, and for their removal from office by the governor; and, in case of a vacancy in the office, it may be filled by the governor. By sec. 82, chap. 13, R. S., it is made the duty of the district attorneys of the several counties to appear in the circuit courts of their respective counties, and prosecute and defend, on behalf of the people, all actions, applications or motions, civil or criminal, in which the state or county is interested or a party. Section 87 of the same chapter gives to the circuit courts, whenever there shall be no district attorney for the county, or whenever the district attorney shall be absent from the court, or unable to attend to his duties, authority to appoint, by an order entered in the minutes of such court, some suitable person to perform for the time being the duties of district attorney. Thus all contingencies are provided for, so that in all criminal cases there shall be an attorney to prosecute for and in the name of the state. Such attorney is presumed to be an able lawyer, competent to discharge the duties of his office. And it is clearly the duty of one holding an office to discharge its duties in person, unless the law has provided him with an assistant or assistants; and especially is this the case where the duties of the office require great learning and skill. The state has provided a prosecuting attorney for each county, and if the state deemed it best that in any

case he should have, at the expense of the county or state, an assistant, the provision of law to that effect should be clear, and not left to doubtful implication.

It is sought to derive the power to appoint an assistant from subdivision 4 of sec. 2, chap. 13, R. S., which confers upon each county power "to make all contracts, and to do all other acts in relation to the property or concerns of the county, necessary to the exercise of its corporate or administrative powers." It appears to us that the prosecution of criminal offenders is not a part of the corporate or administrative powers of a county, and no authority to employ the appellants can be implied from that provision.

It is contended, because the law provides that the expenses of criminal prosecutions shall be paid out of the county treasury, that, therefore, the county is the real prosecutor, and the state a mere nominal party. Were this so, and the inference from it which the appellants draw, correctly drawn, then the county board of supervisors might control all criminal prosecutions, and, in any case, direct a *nolle prosequi* to be entered, or appoint an attorney to appear and have it done against the wish of the district attorney.

It is clear to our minds that the the law has not confided the management of criminal cases to the county supervisors. If the district attorney is incapable of doing that which is confided to him by law to do, the law has entrusted to officers, other than the supervisors, power to provide for such contingency.

The same principles of constructions adopted in *Halstead v. Mayor of New York*, 3 Coms., 430, and *Butler v. City of Milwaukee*, 15 Wis., 493, applied to the statutes creating the board of supervisors of each county a corporation, and conferring certain powers upon them, lead to the conclusion that the supervisors transcended their authority in employing the appellants.

*By the Court.*—Judgment affirmed.