McDONALD vs. THE BOARD OF SUPERVISORS OF MILWAUKEE COUNTY.

SHERIFF: *(1, 2) Cannot employ counsel, at expense of county, in* habeas corpus *cases. (3) What expenses he can recover of county.*

1. The statute (R. S., ch. 158, sec. 25) provides that when a writ of *habeas corpus* is allowed in behalf of a person detained on a criminal accusation, the district attorney of the proper county shall have notice of the hearing on the return of the writ; and makes it his duty to attend to the matter; and neither the sheriff nor the county board has any authority to employ counsel at the expense of the county at such hearing.

2. Sec. 13, ch. 104, R. S., which makes it the duty of the sheriff to preserve the peace of the county, apprehend and secure criminals, etc., and for these purposes authorizes him to call to his aid the power of the county, gives him no power to employ counsel at the expense of the county at such a hearing upon *habeas corpus* as is above described.

3. Where a *habeas corpus* issued from this court to the sheriff of Milwaukee county to determine by what right he held a person in custody, and it appeared that the prisoner was properly detained by him on a criminal accusation: *Held,* that the sheriff could not recover of the county the expenses of his deputy going to Madison with the prisoner, there being no specific provision of law allowing him compensation for such services.

APPEAL from the Circuit Court for *Milwaukee* County.

*McDonald*, as sheriff of Milwaukee county, having arrested one O'Connor, an inmate of the National Soldiers' Home, located in that county, by virtue of a criminal warrant from the municipal court of the city and county, the commandant of the Home obtained from one of the justices of this court at Madison a writ of *habeas corpus* to determine the right of the prisoner to be discharged from the sheriff's custody. At the time set for the hearing of the writ, the prisoner was taken to Madison by a deputy sheriff, and counsel employed by the sheriff, other than the district attorney of Milwaukee county, appeared and argued the cause in opposition to the application for a discharge of the prisoner. Subsequently, a second writ of *habeas corpus* in behalf of the same prisoner was issued out of the county court of Milwaukee county, and the same counsel was employed by the sheriff to argue the cause at the hearing in that court. The county court determined that the prisoner was lawfully held by the sheriff on his warrant; and this decision was affirmed by this court on *certiorari*. *In re O'Connor*, 37 Wis., 379. In an account against the county subsequently presented by the sheriff to the board of supervisors, were included the following items: For fees and expenses of said counsel for arguing said applications, both at Madison and in the Milwaukee county court, $264.75; for expenses of deputy sheriff to Madison in said matter, viz., railroad fare, $6.00; hotel fare, $4.00; and for his services, $3.50. The supervisors having rejected these items, the circuit court, on the sheriff's appeal, gave him judgment for the amount thereof; and from this judgment the board of supervisors appealed.

No bill of exceptions, preserving the evidence, appears to have been made.

*C. K. Martin* (former district attorney of Milwaukee county), for the appellant, contended that the statute did not authorize the employment by the sheriff of counsel other than

the district attorney, in such a case; and that the other items were not authorized by law. *Halstead v. The Mayor*, 3 Coms., 435; *Butler v. Milwaukee*, 15 Wis., 493; *Montgomery v. Supervisors*, 22 id., 69.

*John A. Wall*, for the respondent, argued, 1. That in the absence of any bill of exceptions, showing the evidence on that subject, it must be presumed that it was proven in the circuit court that the services and expenses of the deputy were a just charge against the county. 2. That the sheriff had power to employ counsel, other than the district attorney, to appear for him in making return to the writ of *habeas corpus*. In support of this view he contended, (1) That the duties of the district attorney are defined by secs. 82–84, ch. 13, R. S., and these do not require him to appear for the county or the sheriff in a proceeding of this kind. (2) That sec. 104 of the same chapter empowers the sheriff, in preserving the peace of the county, etc., to call to his aid such *"persons"* as he "may deem necessary;" that this vests in him a very large discretion, such as the important and diversified duties and responsibilities of his office require; that he may deem in one case that he requires the assistance of a rifleman, in another, of a teamster, and in a third, of a lawyer; and that it is his own discretion, and not that of any other person or body, that must guide him. (3) That in fact the testimony showed in this case that the sheriff, in employing counsel in the *habeas corpus* case, acted upon the request of the committee of the board of supervisors on sheriffs' and coroners' accounts, and that of other members of the board.

COLE, J. The important question in this case is: Had the sheriff lawful authority to employ counsel in the matter of the *habeas corpus*, and render the county liable for the payment of such counsel fees and expenses? It appears that the sheriff held in custody the party alleged to be unlawfully restrained, by virtue of a criminal warrant issued by the municipal court

of Milwaukee county, and the expenses were incurred and professional services rendered on the hearing of the writ of *habeas corpus*. It is claimed by the sheriff that the moneys thus expended by him constitute valid charges against the county. The account presented by the sheriff to the county board contains a specific statement of the items of his charge, so that the question involved arises upon the face of the account itself.

It seems to us the charges are not lawful charges against the county. We have not been referred to any provision of the statute which authorizes the sheriff to employ counsel at the expense of the county on the hearing of a *habeas corpus* issued to determine by what right he held a person in custody. But the *habeas corpus* act requires, where the party is detained on a criminal accusation, that the district attorney of the proper county shall have notice of the hearing on the return of the writ; and it is made the duty of that officer to attend to the matter. Sec. 25, ch. 158, R. S. This is the provision which the legislature has seen fit to make to secure legal services in such a case, and it is exclusive of the right of the sheriff to employ counsel.

It was suggested by the counsel that the right of the sheriff to employ counsel in the case was given by sec. 104, ch. 13, R. S.; but we cannot assent to that view. That section makes it the duty of the sheriff to preserve the peace in his county; to suppress affrays, serve all processes, apprehend and secure criminals; and for these purposes to call to his aid the power of the county when deemed necessary. This power of the sheriff to call to his aid the *posse comitatus* in the discharge of his duties, is quite distinct from the power to employ counsel to resist the discharge on *habeas corpus* of a person held by him on criminal process.

Nor does the fact that the sheriff employed counsel at the request of a committee of the county board, aid his case. In *Butler v. The City of Milwaukee*, 15 Wis., 493, it was held

.that the city had no power to employ counsel to aid in the criminal prosecution of persons who had committed crime to its pecuniary injury while acting as officers of the city. In *Montgomery v. The Board of Supervisors of Jackson County*, 22 Wis., 69, it was decided that the county board had no authority to employ at the expense of the county an attorney to aid the district attorney in a criminal prosecution. It is unnecessary to repeat the reasoning of those cases, or restate the principle on which they rest. It is sufficient to say that these adjudications have a decisive bearing on the question we are considering. And they establish the doctrine that the expenses and fees of the counsel employed by the sheriff in the case mentioned are not properly chargeable to the county.

The expenses of the deputy sheriff in going to Madison with the party in custody, the hotel bill, railroad fare, etc., must be disallowed under the decision in *Crocker v. Supervisors of Brown County*, 35 Wis., 284. DIXON, C. J., in that case says: "Officers take their offices *cum onere*, and services required of them by law for which they are not specifically paid, must be considered compensated by the fees allowed for other services."

The other item in the account may be a proper charge under the fee bill. In the absence of testimony explaining it, we must presume the court below was right in allowing it.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment for the last item in the account.