HARTWELL VS. THE SUPERVISORS OF WAUKESHA COUNTY.

*Sheriff's account against county.*

1. Officers take their offices *cum onere*, and services required of them by law, without specific provision for payment, must be considered compensated by the fees allowed for other services. *Crocker v. Brown Co.*, 35 Wis., 284.
2. Under the statutes regulating the compensation of sheriffs, they cannot charge the county for the board and services of a turnkey or deputy sheriff in taking charge of the county jail and performing the duties of jailer. Tay. Stats., ch. 187, and § 147, ch. 13.

APPEAL from the Circuit Court for *Waukesha* County. The defendant board appealed from a judgment in plaintiff's favor. The case is sufficiently stated in the opinion.

*Edwin Hurlbut*, for the appellant, argued that the sheriff had power under the statute (Tay. Stats., ch. 13, § 147, p. 321) to appoint a *jailer*, and, if he had done so, the statute having fixed no compensation for the jailer, the county would be liable to reimburse the sheriff for all reasonable amounts paid the jailer for his services; but that, as the sheriff and his deputy themselves, in this case, did all the work of jailer, and as the compensation of those officers is fixed by law, and they are forbidden to ask or take any other fees than such as are provided by law, this action could not be maintained. 2 Hill, 411; 1 S. & R., 505; 21 Ind., 32; 31 id., 463; 14 Wis., 502, 518; 35 id., 284.

The cause was submitted for the respondent on the brief of *Vernon Tichenor* and *Samuel A. Randles*. They contended

that where a duty is enjoined upon an officer, he is entitled to recover any *necessary expense* incurred in the discharge of it. *Massing v. The State*, 14 Wis., 505; *Jefferson Co. v. Besley*, 5 id., 134; *U. S. v. Duval*, Gilpin, 356.

COLE, J. In this case the sheriff charged the county for the services and board of a turnkey, or deputy sheriff, who took charge of the county jail and performed the duties of jailer. The county board disallowed the claim, and an appeal was taken to the circuit court, where the sheriff obtained a judgment for the amount of his claim. Exceptions were taken on the part of the county to various rulings of the court below, which, from the view we have taken of the case, need not be specifically noticed.

The statute provides that the sheriff shall have the charge and custody of the jails of his county, and of the prisoners of the same, and shall keep them himself, or by his deputy or jailer, for whose acts he and his sureties shall be responsible. Tay. Stats., ch. 13, § 147, and ch. 187.

The expense for maintaining persons charged with offenses and duly committed for trial, and those who are confined in the county jail, or who may be committed for the nonpayment of any fines, and expenses for safe keeping, are made payable out of the county treasury, the accounts of the keeper being first allowed by the county board: "*provided*, that such keeper shall be entitled to and receive such compensation for maintaining persons in said jail, as shall be allowed by the board of supervisors of the proper county, not less than two dollars per week for each convict." Ch. 187, § 3. The keeper is required to furnish necessary bedding, clothing, fuel and medical aid for all prisoners who shall be in his custody, and is to be paid therefor by the county; but such payment is not to be deducted from the sum the keeper is entitled to receive for the weekly support of the prisoners. § 15. But it will be seen that while the statute expressly

charges the county with the board, necessary clothing, and medical aid furnished all prisoners in the county jail, it gives no per diem or fees to the sheriff for performing the duties of jailer. It is true, the statute speaks of "the expenses for safe keeping," etc., as being a charge upon the county; but it is evident, from the connection in which these words are used, that they refer to the maintenance or necessary support of the prisoners, and not to the personal services of the sheriff. For these services, in contemplation of law, the sheriff is compensated by the fees provided by law for performing other duties. In the general statute regulating the fees of sheriffs, the sheriff is allowed specific fees for every commitment to prison, and discharge therefrom; and, though these fees may seem entirely inadequate to compensate the sheriff for taking charge of the jail and custody of the prisoners, yet no other recompense is provided for that service. These fees, therefore, must be deemed the sole compensation to the sheriff for performing the duty of jailer; and no other can be charged or obtained. For, as remarked by DIXON, C. J., in *Crocker v. The Supervisors of Brown County*, 35 Wis., 284–286, "officers take their offices *cum onere*, and services required of them by law, for which they are not specifically paid, must be considered compensated by the fees allowed for other services." The case at bar cannot be distinguished in principle from the Crocker case, and the rule there affirmed is decisive in this appeal. If the compensation of the sheriff for performing the duty of jailer is inadequate, the legislature can increase it; but, as the law now stands, no separate compensation can be demanded for such services, inasmuch as the legislature has not seen fit to provide for it.

In the case of *Fernekes et al. v. The Board of Supervisors of Milwaukee County* [*ante*, p. 303], it was held that the county was liable for meals and lodging furnished a deputy sheriff who attended upon a jury in a murder trial by order of the court. But this was put upon the express ground that it was

absolutely necessary that the officer remain in constant attendance upon the jury until they agreed upon their verdict or were discharged, and no fees were provided by law which seemed to cover such expenses of the deputy. A distinction, we think, may fairly be made between that case and the one before us. The present case is plainly ruled by the Crocker case, which we consider entirely sound in principle.

It follows from these remarks that the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.* — So ordered.