## BELL vs. FOND DU LAC COUNTY.

*November 4 — November 22, 1881.*

SHERIFF: COUNTY. *Board of prisoners in county jail.*

A county is liable to the sheriff for whatever the proper board of persons confined in the county jail may actually cost (including the cost of the materials used for food, and of preparing and serving the same, but without any allowance for the sheriff's personal services or for profits in his favor); and the county board cannot bind the sheriff by a resolution fixing beforehand the cost of such board.

APPEAL from the Circuit Court for *Fond du Lac* County. On the 25th of November, 1878, the board of supervisors of Fond du Lac county adopted a resolution fixing the board of prisoners in the county jail of said county after December 1 of that year, at three dollars per -week for each prisoner while so confined. In November, 1880, plaintiff, as sheriff of said county, presented to said board of supervisors a claim for the board of said prisoners at the rate of $3.50 per week. The supervisors allowed said claim at the rate of only three dollars per week; and plaintiff appealed from the decision to the circuit court. The evidence admitted against defendant's objection, and the instructions given, will sufficiently appear from the opinion. The plaintiff had a verdict and judgment for the full amount claimed by him; and defendant appealed from the judgment.

*F. F. Duffy,* for the appellant.

For the respondent there was a brief by *Shepard & Shepard,* and oral argument by *T. R. Shepard.*

COLE, C. J. We are inclined to agree with plaintiff's counsel in the proposition that the county board had not the right to establish by resolution the price of board in advance, and bind the sheriff by it; for the statute imposes the absolute duty and responsibility upon that officer "to take the charge and

custody of the jail of his county and the persons therein, and keep them himself, or by his deputy or jailer." Section 725, R. S. Consequently, the sheriff has no election or choice in the matter. He must take charge of the persons confined in the county jail, and he must, with other things, furnish them with a sufficient quantity of wholesome food, properly cooked, three times a day during their confinement. Section 4950. It is not a case, therefore, where the county board has authority to fix the compensation for the services which are to be rendered, and where the sheriff has the right to decline to render the service if he deems the proposed compensation inadequate. The duty of furnishing board for persons confined in the jail is absolutely imposed upon the sheriff by law. Nor do we think the authority is given the board, either expressly or by implication, to determine the price of board in advance, before it is furnished, and before it can possibly be known just what it will actually cost the sheriff to furnish it. The statute provides that " all charges " for maintaining convicts who have been sentenced to confinement in the state prison, while they remain in the county jail, and " the expense " for maintaining prisoners charged with offenses and duly committed for trial, and those who are confined in jail, or who may be committed for the non-payment of a fine, shall be paid out of the county treasury, the accounts of the keeper of the jail having first been allowed by the county board. Section 4947. This provision shows that what it would actually and necessarily cost the sheriff to furnish the board which he is required to furnish, should be paid by the county. He is to be indemnified or made good for the actual charges or expense which he incurs in boarding or maintaining persons confined in the county jail. If the county board has the power to determine in advance, by resolution, the price which shall be paid, and bind the sheriff by its action, then it is obvious that a partisan or unfriendly board might fix the price far below what the sheriff might actually and necessarily expend in supporting

the prisoners, and thus occasion a loss to him. Of course, the county board and sheriff may make a contract as to what shall be received and paid for board. But this must be by agreement between the parties. In the absence of such an agreement the county board could not absolutely fix the price, and force the incoming sheriff to receive it, whether it would reimburse him or make him whole for what he had expended or not. From this view it would follow that there was no error in excluding the resolution of the board offered in evidence, from the consideration of the jury.

On the other question, as to the proper measure of damages, it is claimed by the learned counsel for the county, that, under the evidence which was introduced against his objection, and under the charge of the court, the jury may have supposed the sheriff was entitled to recover not only what he actually and necessarily expended for boarding the prisoners, but also a reasonable profit on the board which was furnished, as well as pay for personal services. The charge of the court, taken together, does not seem open to any serious objection. The learned circuit judge told the jury, in substance, that the plaintiff was entitled to recover a reasonable charge for what it actually cost him to furnish a sufficient quantity of wholesome food for prisoners in his custody, at a fair market price at the time and under the circumstances under which he was obliged to purchase the necessary articles of food for that purpose; also what it would reasonably cost him to prepare the food which was served to the prisoners. The jury were directed that, in arriving at what was a proper charge for preparing and serving food, they might consider the manner in which the prisoners were confined, their number, and the number of servants it was reasonably necessary for the plaintiff to employ to perform that service; but that nothing was to be allowed for the personal service of the sheriff or his jailer. Under this charge the jury would not likely have given the sheriff anything for the personal services of himself or his jailer.

Nor is it entirely clear that the learned judge intended to charge the jury that a reasonable profit on board furnished ought to be allowed. It is very certain that no such element of damage ought to be recovered. The statute only intends to make good to the sheriff his actual and necessary outlay for the proper board, and nothing more. No profit or gain above actual cost should be allowed.

But upon the testimony, which was admitted against objection, the jury might well have allowed profits, or something above the actual cost of furnishing board. We think it fairly inferable, from the scope and tendency of considerable testimony given on the part of plaintiff, that a claim for profits was made, or, at all events, that the jury might have estimated the damages on the basis that they were allowable. But as the right of recovery is strictly limited to what was actually and necessarily expended by the sheriff for furnishing, preparing and serving the proper food, the evidence should be confined to that inquiry alone. It is clear, however, that it was not; and, as we cannot tell what influence the improper testimony directed to a different end might have had upon the jury, there must be a new trial.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.