## CUTTS VS. ROCK COUNTY.

*October 30 — November 20, 1883.*

*Constables: Fees for attendance on court with prisoner.*

| 58 | 641 |
|----|-----|
| 96 | 419 |

| 58 | 641 |
|-----|------|
| 110 | ²221 |

1. A constable making an arrest under a warrant issued by a justice of the peace must retain the custody of the prisoner until the latter is released therefrom in the manner prescribed by law. And for attendance on the court with such prisoner he is entitled to the fees allowed by law to other officers for the same service.
2. The statute (sec. 843, R. S.) prescribing the fees of constables for attending at the command of a justice of the peace on the trial of a cause, refers only to such attendance by the *special* command or order of the justice.

APPEAL from the Circuit Court for *Rock* County.

The case is thus stated by Mr. Justice CASSODAY:

"At a meeting of the board of supervisors of the county, held in November, 1880, the plaintiff presented an itemized account for services rendered by him as constable in sundry criminal cases. Among the charges made were a large number of $1.50 each, for attending upon justices' or police courts with prisoners. Some of these items were disallowed by the board altogether, several were reduced from $1.50 to $1 each, and several others were reduced from $1.50 to fifty cents each. There were also one or two items of charges of $1 per day, and fifty cents per half-day, for such attendance by order of the court, but such items were allowed and paid. The board also disallowed an item of twenty-five cents paid for assistance, and also ten cents paid for fare of prisoner, and also twenty cents for travel.

The plaintiff appealed to the circuit court from such disallowances and reductions, and upon the trial by the court it was found, in effect, that the plaintiff was constable during the times in question, and that the services mentioned in the complaint were performed by him as such officer as therein stated; but that in so far as such items, respectively, had

been disallowed or reduced in amount by the board, they arose and were rendered in proceedings wherein no fee was allowed by law for such services, and that, for all such services as the plaintiff was entitled to legal fees, the same had been allowed and paid by the defendant, except the item of twenty cents, which was found not to have been properly before the board for its action thereon; that the several claims were filed with the clerk of the county, and were acted upon by the board at its November session for 1880, and were respectively disallowed. As conclusions of law, the court found that there was nothing due the plaintiff from the defendant for or on account of said claim, or any charge or item thereof so disallowed."

From a judgment in accordance with the findings the plaintiff appealed.

For the appellant there was a brief by *Smith & Phelps*, and *J. B. Doe, Jr.*, and oral argument by *Mr. Doe*.

For the respondent there was a brief by *B. B. Eldredge* and *J. W. Sale*, and oral argument by *Mr. Eldredge*.

CASSODAY, J.   The amount involved is small, but the question presented is important, not only to constables and counties, but to the administration of criminal law throughout the state.   Beyond question every person accepting an office takes it *cum onere*.   *Crocker v. Supervisors*, 35 Wis., 284; *McDonald v. Supervisors*, 41 Wis., 642; *Hartwell v. Supervisors*, 43 Wis., 311.   He has a right to the compensation provided, but is entitled to none other.   He may be dissatisfied with the amount provided, but his only remedy is to resign the office.

Where a constable receives from a justice of the peace a criminal warrant, commanding him forthwith to apprehend the person named, and to bring him before such justice to be dealt with according to law (sec. 4774, R. S.), has he any right to withdraw from the justice and abandon the pris-

oner during the time he is so being dealt with according to law, or must he remain during such time in charge of the prisoner? and if so, then is he entitled to compensation for such attendance upon the court during the trial or examination without any special order being made by the court that he shall so attend? The command of the warrant itself would seem to indicate that he should so attend in charge of the prisoner. Certainly the prisoner must be regarded as in the custody of the constable until the latter makes his return. But the statute expressly provides that from the time of the return of the warrant until the time of the trial the accused may give bail for his appearance at the next time fixed for the trial, or, in the event of failure so to do, may be committed to jail for safe-keeping, by order of the justice, or *left* in custody of the arresting officer. Sec. 4745, R. S. Here are two ways provided whereby the prisoner may, *prior to the trial*, be released by the justice from the custody of the constable,— one by admitting him to bail, and the other by committing him to jail. In case the prisoner is not released in either of the ways mentioned, then, under that section, he is to be " left in custody of the arresting officer." But on the return of the warrant by the constable, *with the accused*, the justice is required to proceed to hear, try, and determine the cause within one day, unless continued for cause. Sec. 4744, R. S. And then, if the plea of not guilty be entered, and the prisoner is not released in the manner provided, the trial must proceed, with or without a jury. Sec. 4748, R. S. If a jury is demanded, then such jury is obtained and the trial is conducted by aid of the sheriff or constable. Secs. 4750–4754, 4757, R. S. The warrant is directed to the sheriff or constable, and the judgment of every such court is to be executed by the sheriff or constable. Secs. 4762, 4774, R. S. These statutes pretty clearly indicate that the constable making the arrest must retain the custody of the prisoner until he is released there-

from in the manner prescribed in the statutes. The same seems to be true of prisoners arrested and brought before the committing magistrate for examination. Secs. 4775, 4776, R. S. In fact, every constable is made, by statute, the ministerial officer of justices of the peace, and must necessarily, in the execution of such criminal warrant, attend with the prisoner before such magistrate in order to perform such *ministerial* duties. The successful administration of the criminal law absolutely requires such attendance.

The only remaining question is whether the statutes make any special compensation for services so rendered. No specific fee is allowed therefor in the fee-bill especially prescribed for constables. Sec. 843, R. S. But the statute does provide that, " when a fee is allowed to one officer, the same fee shall be allowed to other officers for the performance of the same services, when such officers are by law authorized to perform such services." Sec. 2959, R. S. This is found under the head of " General Provisions Concerning Officers' Fees." Sec. 731, R. S., among other things, provides that " every sheriff shall be entitled to receive the following fees for his services, *except* for services in actions or proceedings before justices of the peace, *for which fees are specially provided by law:* . . . 32. Attending any court or officer with a prisoner, one dollar and fifty cents per day besides actual necessary expenses." This subdivision was amended by ch. 176, Laws of 1882, by adding this: " Attending any municipal, police, or justice court, as officer with a prisoner, seventy-five cents for each half day, besides actual and necessary expenses." The amendment, having been made since the services in question, has no application here, except to show that the legislature understood what we apprehend the courts have always understood, that this subdivision fixed the fees of sheriffs for attending with a prisoner upon justices' courts or committing magistrates, as well as for so attending other courts and officers. And yet, under sec. 2959

and the exception in sec. 731, it is plain that, for services rendered by sheriffs "in actions or proceedings before justices of the peace, for which fees are specially provided by law" for constables, but not for sheriffs, the sheriff is only to receive the fees so prescribed for constables. The converse of the proposition is equally true; for in each case the fee allowed by law to one officer is the same fee allowed to another officer for the performance of the same services, when such officer is by law authorized to perform such services.

It is true, sec. 843, R. S., provides that the constable may receive "for attending at the command of a justice of the peace, on the trial of a cause before him, fifty cents for each half day;" but this only refers to such attendance by the *special* command or order of the justice, and not to the cases referred to, where the constable is in duty bound to so attend with the prisoner whom he has arrested and holds in his custody. In addition to the constable so attending with the prisoner in charge, it may be essential for the justice to direct some other constable to aid in obtaining the jury, under some of the sections above cited, or in keeping order, or in protecting the court or the prisoner, or any other ministerial acts or duty which the necessities of a given case may require. So it may become essential for the justice to command such service in such civil actions as may be tried under peculiar circumstances or excitement.

As to the dollar and a half disallowed in the case of Leo Paul, we are satisfied that it refers to that charge for attending court with the prisoner, and not a deduction from the railroad fare, as claimed. The other three small items mentioned on the argument are so insignificant in amount that we apprehend the parties will have no difficulty in adjusting them.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment for the amount which shall be found due by the court, upon the principles stated in the above opinion.