NICKELL vs. WAUKESHA COUNTY.

*February 7 — March 3, 1885.*

*Counties: Liability for services of sheriff: Maintenance of prisoners committed under village ordinance.*

The county is not liable to the sheriff for services voluntarily performed by him in civil actions for the recovery of forfeitures under a village ordinance, but is liable to him for the expense of maintaining prisoners committed to the county jail in pursuance of such ordinance, even though the village is also liable therefor.

APPEAL from the Circuit Court for *Waukesha* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The plaintiff presented to the board of supervisors of Waukesha county his itemized account for fees, charges, and services as sheriff of the county, which was in part disallowed. He then appealed therefrom to the circuit court. In that court the jury was waived, and it was stipulated that the cause be tried before the court "upon the papers and pleadings in the case, and upon the following statement of facts:

"*First.* That the appellant now is, and ever since the 1st day of January, A. D. 1883, has been, the sheriff of Waukesha county, duly elected, qualified, and acting as such. *Second.* That as such sheriff he rendered the services and incurred the expenses enumerated and set forth in the bills against the county of Waukesha, by him rendered and presented to the county board of said county, from the disallowance of which this appeal is taken. *Third.* That so far as the appellant's bill for board and washing for prisoners is concerned, $2.50 per week is a reasonable and proper charge for the same, if he is entitled to any charge therefor against the county. *Fourth.* That the charges made by the appellant in the arrest, trial, commitment, and

discharge of prisoners, as set forth in said bills, are the legal fees given the sheriff by statute for such services (saving the objection, however, on the part of the respondent, that the county is not liable in this action). *Fifth.* That the charges of said sheriff for board and washing for prisoners, and fees in the matter of the arrest, trial, commitment, and discharge of said prisoners, disallowed in said bills by the county board of Waukesha county, and from which disallowance this appeal is taken, were all in cases of prisoners arrested and committed to the jail of said county under proceedings such as are here shown by the copies hereunto annexed of the docket entries, complaint, warrant, judgment, and commitment in the case of 'State of Wisconsin against James Quinn,' which is hereby stipulated to be a typical case as regards such proceedings. *Sixth.* That all of said cases were tried before E. W. Chafin, a justice of the peace in the village of Waukesha, and that said Chafin was elected and acted under and by virtue of chapter 270 of the Laws of the State of Wisconsin for the year 1881. *Seventh.* It is further stipulated and agreed, by and between the parties to this action, that in case of an appeal to the supreme court from the decisions of the circuit court, that the notice of appeal in this action, the bond on said appeal, and the return of the county clerk of said Waukesha county thereto, shall form a part of the bill of exceptions in the case."

In the case of *State v. Quinn*, referred to in the stipulation, the defendant was charged with being "found in the public streets of said village of Waukesha intoxicated, in violation of chapter seven of the ordinances of said village of Waukesha." The warrant embodied the charge, and prayed that " Quinn might be arrested and dealt with according to law." From the docket of the justice named in the stipulation, it appears that Quinn was arrested and brought before the court. On being tried he was adjudged

to pay a fine of one dollar and the costs of the action, and on default be committed to the common jail of the county for five days. Quinn having neglected and refused to pay the fine and costs, was forthwith committed to jail for the term named, upon a commitment issued by the justice, and running to any constable and to the keeper of the jail of said county. The plaintiff, as sheriff, received the prisoner on the commitment, and held and kept him in the jail of the county thereon during the term named.

The circuit court found, upon the evidence, stipulation, and admissions, in effect, that the plaintiff, as such sheriff, rendered the services and incurred the expenses enumerated and set forth in his bills against the county, and from the disallowance of which by the county board he had appealed; that such charges were reasonable and proper, and such as the law allows; that such charges so disallowed "for services in the arrest, trial, commitment, and discharge of prisoners" amounted to the sum of $125.95; and that such charges so disallowed for the board and washing for the prisoners confined in the county jail of said county amounted to the sum of $183.57. As conclusions of law the court found that the county was liable to the plaintiff for the amount of each and both of said claims, and ordered judgment accordingly. From the judgment thereupon entered the defendant appeals.

For the appellant there was a brief by *W. H. Thomas*, attorney, and *Warham Parks*, of counsel, and oral argument by *Mr. Parks*.

For the respondent there was a brief by *M. S. Griswold* and *Hand & Flett*, and oral argument by *Mr. Flett*.

CASSODAY, J. The services here claimed by the plaintiff as sheriff in serving process, making arrests, and attending with prisoners before the justice of the peace, were all performed in prosecutions for the violation of the village ordi-

nance in the same cases mentioned in *Chafin v. Waukesha Co. ante*, p. 463, in which an opinion is herewith filed. It was there determined that such prosecutions were not for the offenses prescribed in sec. 1561, R. S., nor misdemeanors, but civil actions merely. Under the charter, the village marshal was charged with the duty of serving such process, making such arrests, and attending before the justice with prisoners. Secs. 10, 11, ch. 30, P. & L. Laws of 1859. Being civil actions merely, the sheriff was no more bound to perform such services without pay from the village, than he would have been to perform similar services for any private party. Having voluntarily performed them, he is relegated for his pay to the party for whom they were performed. Of course, he is entitled to his pay from the village, for the reasons given in the opinion filed herewith in the case above cited. Ch. 176, Laws of 1882; *Fernandez v. Winnebago Co.* 53 Wis. 247; subd. 4, sec. 725, and secs. 731, 843, 844, 3594, R. S. But no statute has been cited, and we are not aware of any, making the county liable to the sheriff for such voluntary services. It follows that the judgment improperly included compensation for the services above mentioned. *Pillsbury v. Brown*, 47 Cal. 477.

The items of the plaintiff's account for the board of and washing for such prisoners, and for receiving and discharging such prisoners, stand on a different basis. As sheriff the plaintiff was bound to take the charge and custody of the jails of his county and the persons therein, and to keep them himself, or by his deputy or jailer; to keep a true and exact register of all prisoners committed to any jail under his charge. Subd. 1, 2, sec. 725, R. S.; sec. 4945, R. S. He was entitled to receive pay for his actual and necessary disbursements for board and conveyance of such prisoners, and for committing them to and discharging them from prison. Subd. 27–29, sec. 731, R. S. The statutes made the county liable for " the expense for maintaining persons charged

with offenses, and duly committed for trial, and of those who are confined in the county jail, or who may be committed for the nonpayment of any fines and expenses for safe-keeping." Sec. 4947, R. S.; *Bell v. Fond du Lac Co.* 53 Wis. 433.

It is true, the section of the charter giving to the village authority to enact the ordinance in question, also, for the purpose of imprisoning offenders thereunder, gave to the village the use of the jail of Waukesha county, and provided that "all persons committed to said jail by the marshal or any other officer shall be under the charge of the sheriff of said county, and said village shall be liable for the expenses of keeping such persons in said jail." Sec. 18, ch. 30, P. & L. Laws of 1859. Under this provision there would seem to be no doubt but what if the county pays the plaintiff for such expenses, it would have a right of action over against the village for the amount so paid therefor. But this does not take away the primary liability of the county to the plaintiff for such expenses, nor compel him to separate the items of such expense from the other items of his bill. We must therefore hold that the county is liable to the plaintiff for the amount of such items of his account included in the judgment as were for the board of and washing for such prisoners, and for receiving and discharging such prisoners; and for such amount, with interest thereon from the time it should have been allowed by the county board, he is entitled to judgment against the county.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment in favor of the plaintiff and against the defendant for the amount found due upon the principles above indicated.