CUTTS, Appellant, vs. ROCK COUNTY, Respondent.
CUTTS, Respondent, vs. ROCK COUNTY, Appellant.

82  17.
83  291.

*February 29 — March 22, 1892.*

*Sheriffs: Compensation for attending court: Under-sheriff attending as constable.*

1. The salary of a sheriff, fixed in accordance with ch. 53, Laws of 1881, is in lieu of all fees of himself and deputies for attending the circuit court on the trial of cases coming by change of venue from other counties. And although the county has collected from said other counties the amount of such fees, the sheriff is not entitled thereto.

2. Where a salary for the sheriff has been so fixed, an under-sheriff who is also a constable cannot recover from the county for services in attending the circuit court as a constable, although he was required by the sheriff to attend in the capacity of constable only.

APPEALS from the Circuit Court for *Rock* County.

This case is here on cross-appeals by the respective parties thereto from portions of the judgment. It was tried by the court without a jury. There is no bill of exceptions in the record. The facts found by the court are substantially as follows:

During the years 1887 and 1888 Silas Ward was sheriff of *Rock* county, and *A. K. Cutts*, the plaintiff, was the under-sheriff and also one of the constables of that county. Before 1887 the board of supervisors of *Rock* county, by resolution, changed the method theretofore existing for compensating the sheriff for services performed in the county for which the county was liable, and fixed his salary pursuant to ch. 53, Laws of 1881, which provides, in sec. 3, that "such salary, when so fixed, shall be in lieu of all fees and compensation for the sheriff, under-sheriff and deputy sheriff, for all service rendered by such officers within the limits of such county, for which service the county is now liable, except compensation for keeping and

maintaining prisoners in the common jail." S. & B. Ann. Stats. sec. 694a, subd. 3. Sheriff Ward received such salary for both years of his term.

During such term several cases came to the circuit court of *Rock* county on changes of venue from other counties, and were tried in such circuit court. Bills for the expenses of such trials were taxed and allowed by the circuit judge, and paid to *Rock* county by the several counties, respectively, from which the cases were removed, in accordance with secs. 2940, 2941, R. S. Each of these bills contained a charge for the *per diem* of the sheriff and two deputies for attendance upon the court during the trial, at the rates prescribed in R. S. sec. 731, subd. 22. These charges amount to $227. The county refused to pay the same over to Sheriff Ward. The latter assigned his claim therefor to plaintiff before this action was commenced. During the same years the plaintiff attended the circuit court of *Rock* county, by direction of Sheriff Ward, eighty-three days. The circuit court finds he so attended as a constable.

The clerk of the circuit court having refused to issue certificates for the above services of the sheriff, the deputy sheriffs, and the plaintiff, this action was brought to recover of the county compensation therefor. The court held that, under ch. 53, Laws of 1881, compensation of the sheriff and deputies for attending the sessions of the court was included in the salary received by the sheriff, and hence cannot be recovered by the assignee of the sheriff. To this conclusion of law the plaintiff duly excepted. The court further found that plaintiff is entitled to recover, at the rate of $2 per day, for attendance upon the court as a constable, 83 days, and rendered judgment for him for $166 and interest, and for costs. The district attorney duly excepted to the finding of fact that plaintiff rendered such services as a constable, and to the conclusion of law that he is entitled to compensation therefor from the county.

The plaintiff appeals from so much of the judgment as denies his right to recover the $227 *per diem* of the sheriff and deputies, and the county appeals from the judgment against it for plaintiff's services as a constable.

For the plaintiff there were briefs by *Fethers, Jeffris & Fifield*, and oral argument by *M. G. Jeffris*.

*William G. Wheeler*, for the defendant.

LYON, C. J.  I.  On the appeal of the plaintiff but little need be said.  Under ch. 53, Laws of 1881, the salary received by Sheriff Ward was in lieu of all fees and compensation for services rendered by him and the deputy sheriffs within the county of *Rock* (except for keeping and maintaining prisoners in the common jail) which the county would have been liable to pay had ch. 53 not been enacted. This is the plain, unambiguous reading and meaning of the statute.  S. & B. Ann. Stats. sec. 694a, subd. 3.  *Rock* county is primarily liable to pay the sheriff and deputies for attendance upon the sessions of the circuit court.  Before the county board changed the method of compensating therefor, under ch. 53, Laws of 1881, the liability of the county was measured by the *per diem* compensation allowed by subd. 22, sec. 731, R. S.  Since that time such compensation has been and is measured by the salary paid the sheriff, which includes compensation for such services, and presumably is larger because thereof.

It is immaterial that the amount claimed for such services has been collected by the county from other counties. Neither the liability of the county nor the rights of the sheriff are affected by that circumstance.  The money thus collected was received by *Rock* county to its own use, and not to the use of the sheriff.  The latter took his office *cum onere*, and is not entitled to receive from the county any other compensation for services than is prescribed in the statutes, and then only in the manner therein pre-

Cutts vs. Rock County.

scribed. There is no statute which requires the county to pay over to Sheriff Ward, or his assignee, the plaintiff, the $227 claimed in this action, except as the same is included in the sheriff's salary. The learned circuit court so held.

II. The question on the appeal of the county may be thus stated: The under-sheriff being also a constable, may the sheriff ignore his official character as under-sheriff, in which character he would not be entitled to compensation from the county for his services, and require him, under subd. 2, sec. 842, R. S., to attend upon the sessions of the circuit court in the capacity of constable only, in which case he would be entitled to such compensation from the county?

The sheriff is the executive officer of the circuit court, and attends the sessions thereof, as do the under-sheriff and deputy sheriffs, chiefly for the purpose of executing the orders and process of the court. They are not mere janitors or laborers. Although a constable may be such attendant, that does not extend or enlarge his official functions. He cannot serve process or perform other acts which the sheriff or deputy sheriffs are alone authorized by law to serve or perform. The court cannot send him to serve a bench-warrant or process for the arrest of one in contempt (as a defaulting juror or witness), or for the commitment of a prisoner, or a special *venire*, or require him to perform many other acts of like character, which the officers attending upon the court are expected to perform and are sent there to perform.

The official functions of a constable being thus limited, the constant necessity, when the court is in session, for the presence of the sheriff or other officer having like powers, raises a strong presumption that the statute does not contemplate the employment of constables as attendants upon the sessions of the circuit court, except in the exigency that the sheriff and the deputies he is authorized to employ are

unable to perform all the duties required of such attend-
ants. In the present case the fact that the plaintiff at-
tended the sessions of the court by direction of the sheriff
shows conclusively that no good reason existed why he
could not attend as under-sheriff as well as a constable. Is
it reasonable to say that the sheriff could lawfully send
him into court as a constable only, and thus disqualify him
from performing many acts which might become necessary
for an executive officer of the court to perform, when in
his larger capacity of under-sheriff (which includes all the
functions of a constable) he would have ample authority to
perform them?

Suppose, when plaintiff was attending the circuit court,
it became necessary to make immediate service of a war-
rant for the arrest of some person, and, there being no
other officer present or accessible, the court directed plaint-
iff to serve it. If plaintiff objected to making the service
because he was there as a constable only and had no power
as such to make it, we should expect to learn that the court
very quickly restored him to the suspended functions of
under-sheriff. Again, suppose plaintiff is an attorney at
law, and while so attending the circuit court appeared as
attorney in some case there on trial. The statute prohibits
an under-sheriff from so doing. Sec. 729, R. S. Would
the court permit him to try the case on the plea that his
functions as under-sheriff were suspended, and that, for the
time being, he was a constable only? We think not.

The above illustrations are given for the purpose of show-
ing how difficult, if not impossible, it is to separate the
functions of the two offices so that the under-sheriff may
still hold that office and perform official acts which as
under-sheriff only he has authority to perform, and still
perform those acts as a constable and not as under-sheriff.
We do not perceive how this can be done. It seems to us
that the reasonable as well as logical view of the case is

Cutts vs. Rock County.

that, if the officer detailed.by the sheriff to attend the sessions of the circuit court be an under-sheriff or a deputy sheriff, he attends the court as such, because the duties which he is required to perform are duties which the law imposes upon the sheriff as the executive officer of the court, and it is necessary that the officers who perform such duties should be clothed with the power and authority of the sheriff. And if the under-sheriff or deputy sheriff so attending the court happens to be a constable also, and the sheriff in form requires his attendance as a constable only, that cannot change his official character. He still acts as under-sheriff or deputy, as the case may be. The opposite view seems to us not only illogical, but it opens the door to easy evasions of ch. 53, Laws of 1881, to the injury of the county.

Should it be claimed that a constable, thus in attendance upon the circuit court as such, has all the powers and authority of a deputy sheriff, then he is for the time being a deputy sheriff and within the spirit of the provisions of sec. 3, ch. 53, Laws of 1881, which provides that the sheriff's salary shall cover compensation for such services. But we do not determine this proposition.

We conclude that the circuit court erred in finding that the plaintiff attended the court as a constable, and also in the conclusion of law that he is entitled to compensation from the county for his services as such constable.

It follows from the above views that on plaintiff's appeal the judgment of the circuit court must be affirmed, and on the appeal of the county the judgment must be reversed.

*By the Court.*— Ordered accordingly.