Parsons vs. Waukesha County.

PARSONS, Appellant, vs. WAUKESHA COUNTY, Respondent.

*September 30 — October 25, 1892.*

*Compensation of sheriff.*

A salary for the sheriff having been fixed pursuant to ch. 53, Laws of 1881, the county is not liable to him for his expenses for car fare or livery hire in subpœnaing witnesses in criminal cases in the county

or in summoning the jury for the regular terms of the circuit
court, or for assistance or conveyance in making arrests in criminal
cases within the county; nor is he entitled to any fee for the serv-
ices of himself or the undersheriff or any deputy in receiving or
discharging prisoners from the common jail.

APPEAL from the Circuit Court for *Waukesha* County.
The appellant, *Parsons*, was sheriff of Waukesha county
for the years 1889 and 1890. Prior to his election and
qualification, pursuant to ch. 53, Laws of 1881, the compen-
sation of the sheriff for services, etc., for which the county
was liable to pay was changed from a fee-bill system to a
salary system, and he was to receive $2,500 per annum in
lieu of all fees and compensation which might have been
charged under the former method. At the end of his term
of office he made out against the county, and presented to
the board of supervisors, an account against the county for
services rendered and money expended by him as such
sheriff during his term of office, claiming that said matters
were not covered by or included in the provision for his
salary. This bill amounted to $1,632.75, and was wholly
disallowed. He appealed to the circuit court, where the
matter was tried, and it was found by the court that the
appellant had received $2,500 annually under said resolu-
tion, and also $20 per month by resolution of the county
board for services of a jailer; that the disputed charges
were made by the plaintiff for livery hire to subpœna wit-
nesses for the state in criminal cases in *Waukesha* county,
and for assistance and conveyance in making arrests in
criminal cases within said county, and for car fare and liv-
ery hire in summoning the jury for the regular terms of
the circuit court, and also a charge of fifty cents each for
admitting all prisoners to the county jail, and a charge of
twenty-five cents each for all prisoners discharged there-
from. The court found that the items of the plaintiff's
bill charged and rendered against the county were properly

and justly disallowed, and were all fully compensated by the stipulated salary of $2,500 per annum, and rendered judgment in favor of the county and against the appellant for costs, from which he appealed.

*C. E. Armin,* for the appellant.

*D. S. Tullar,* for the respondent.

PINNEY, J.   When the plaintiff took the office of sheriff, the resolution of the county board of the county, passed under ch. 53, Laws of 1881, was in force, and restricted his compensation "for all services to be performed in the county," for which the county would otherwise be liable to pay, to a salary of $2,500 annually, and such salary was to be "in lieu of all fees and compensation for the sheriff, undersheriff, and deputy sheriff for all service rendered by such officers within the limits of such county, for which service the county was liable theretofore, except compensation for keeping and maintaining prisoners in the common jail." Under the system of compensation by specific fees, for which the salary is merely a substitute, the county would not be liable for livery hire in subpoenaing witnesses or for car fare and livery hire in summoning the jury for the regular terms of the circuit court, and as to assistance and conveyance in making arrests in criminal cases the sheriff, under the fee system, could claim nothing beyond the prescribed fee for the arrest and conveyance of prisoners. *Crocker v. Brown Co.* 35 Wis. 284; *McDonald v. Milwaukee Co.* 41 Wis. 642; *Hartwell v. Waukesha Co.* 43 Wis. 313. The object of the statute, and of the action of the county board under it, was to give a gross sum in lieu of specific fees, but not to open the door for the sheriff to make charges against the county, not theretofore authorized or allowed by law. This construction is strengthened by the exception from the effect of the law and resolution under it of "compensation for keeping and maintaining

prisoners in the common jail." The law having made no other exception, the court can make none. *Cutts v. Rock Co.* 82 Wis. 17.

The words " expenses for safe-keeping " in sec. 4947, R. S., and the exception in the act of 1881 of " compensation for keeping and maintaining prisoners in the common jail," refer only to the same general subject, namely, the maintenance or necessary support and keeping of the prisoners. The sheriff cannot receive, as he formerly did, in *Waukesha* county, any fee or charge for services of himself or the undersheriff or any deputy in receiving or discharging prisoners from the common jail. The case of *Hartwell v. Waukesha Co.* 43 Wis. 313, is conclusive on this point, and the case of *Bell v. Fond du Lac Co.* 53 Wis. 433, does not change the rule or justify any different conclusion. The salary provided, of $2,500, is in lieu of such fees or charges, as well as all others, with the exception mentioned in ch. 53, Laws of 1881, and no other exception can be allowed. The appellant, having taken office while the resolution was in force, must be content to bear the burdens while receiving the benefits arising under it. It is plain that he has no claim against the county for any of the items demanded. The circuit court correctly decided that the plaintiff could not recover.

*By the Court.*— The judgment of the circuit court is affirmed.