Doty vs. Sauk County.

DOTY, Appellant, vs. SAUK COUNTY, Respondent.

*March 30 — April 14, 1896.*

*Sheriffs: Counties: Expense for maintaining prisoners: Evidence.*

Under sec. 4947, R. S., the sheriff is entitled to be reimbursed only the actual expense which he incurs in boarding or maintaining the prisoners in the county jail, and can recover a larger amount than that allowed by the county board only by showing that such actual expense exceeded that amount.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Herman Grotophorst* and *G. Stevens,* and oral argument by *Mr. Grotophorst.*

*R. D. Evans,* for the respondent.

CASSODAY, C. J.  During the years 1893 and 1894 the plaintiff was the sheriff of the defendant county.  January 3, 1895, the plaintiff presented to the board of supervisors of that county, then in session, his bill for board and care of prisoners in the county jail during his term, consisting of 218 different items, and aggregating $1,026.51.  The board, upon due consideration, allowed the same upon the basis of $3 per week for the board, and so allowed the bill to the amount of $748.41, but disallowed the balance of $278.10.  The plaintiff thereupon appealed to the circuit court from so much of such action, decision, and determination of the county board as disallowed the $278.10.  Upon the trial of the cause in the circuit court, and at the close of the testimony on the part of the plaintiff, the court granted a nonsuit, and from the judgment entered thereon the plaintiff brings this appeal.

The county was required by the statute to pay to the

plaintiff his "expenses for maintaining" the prisoners con-
fined in the county jail under his charge, upon "the accounts
of the keeper of such jail having been first allowed by the
county board." R. S. sec. 4947. The several items which
may be allowed to go into such account are specifically pre-
scribed by statute. R. S. sec. 4950. This court has repeat-
edly held that the county is liable to the sheriff for what-
ever the proper board of persons confined in the county jail
may actually cost, including the cost of the materials used
for food and for preparing and serving the same, but with-
out any allowance for the sheriff's personal services or for
profits in his favor. *Bell v. Fond du Lac Co.* 53 Wis. 433;
*Nickell v. Waukesha Co.* 62 Wis. 469; *Parsons v. Waukesha
Co.* 83 Wis. 288. As indicated in these cases, the sheriff "is
to be indemnified or made good for the actual charges or
expenses which he incurs in boarding or maintaining persons
confined in the county jail." The plaintiff failed to make
a case within the rule thus fixed by the statutes and sanc-
tioned by adjudication. Each of the several items in his
bill is simply for commitment, discharge, board, and care of
the particular prisoner named. The testimony on the part
of the plaintiff does not attempt to give such cost or ex-
pense, and in his testimony he admitted, in effect, that he
did not know and could not tell the amount of such cost or
such expenses, and that he kept no account of the same.
The most he attempts to give is a general estimate or opin-
ion. We are constrained to hold that the nonsuit was prop-
erly granted.

*By the Court.*— The judgment of the circuit court is af-
firmed.