DEISSNER, Respondent, vs. WAUKESHA COUNTY, Appellant.

*March 16 — April 7, 1897.*

*Sheriffs: Compensation for board of prisoners.*

Our statutes relating to the compensation of sheriffs for the maintenance of persons confined in jail (secs. 4947, 4950, R. S.), clearly contemplate that a sheriff shall keep accurate accounts of all charges and expenses therefor and present them to the county board to be audited, and if he fails to do so he can recover from the county only such expenses as he is able to show that he actually incurred, by clear and satisfactory evidence, and only such as are reasonable.

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Reversed.*

The plaintiff was sheriff of *Waukesha* county, Wisconsin, in the years 1893 and 1894. He filed a bill against his county for services and for board and washing furnished prisoners.   The charges for board and washing aggregated $6,667.50, and was made on a basis of thirty-five cents per day for each prisoner confined in jail. *This charge* was allowed by the board at twenty-five cents per day, and from

their action in that regard plaintiff appealed to the circuit
court. The venue was changed to the circuit court for
Rock county, where the cause was referred to a referee to
hear, try, and determine. Such referee found, in substance:
(1) That the claim, as presented to the county board, was for
18,776 days' board and washing, at thirty-five cents per day,
which was allowed at twenty-five cents per day; hence, that
the only question presented by the appeal was whether the
expense incurred for board and washing exceeded the amount
allowed by the county board. (2) That the number of days
counted by the sheriff was made up by reckoning full days
from the day of commitment to and including the day of
discharge of the prisoners, without regard to the number of
meals furnished; hence, it was impossible to tell the actual
number of days' board. (3) That no account of expenses
was kept, except during three months when the undersheriff
was in charge, and that the accounts so kept were not pro-
duced on the trial. (4) That the expense which plaintiff
actually incurred was approximately established from evi-
dence of the kind, amount, and cost of provisions which
each prisoner consumed per day, and the cost of serving the
same; also, by evidence of what it cost the undersheriff per
day for each prisoner during the time he managed the jail,
together with evidence to the effect that the cost of provis-
ions and help continued substantially the same during the
whole time; also, evidence by experts respecting the reason-
able expense of furnishing board and washing in such cases.
That by such testimony it appeared that the expense in-
curred by plaintiff exceeded thirty-five cents per day for
each person. (5) That it is entirely practicable to keep ac-
counts so as to show the cost of keeping all prisoners for
any given time, but impracticable to show what it cost for
particular prisoners, and that a sheriff's bill must necessarily
be made up on a general average. (6) On the findings of
fact the referee concluded that plaintiff was entitled to judg-

ment for the ten cents per day on 18,776 days, disallowed by the board, with interest.

Thereafter the requisite proceedings were had necessary to preserve for review the questions discussed in the opinion. Judgment was rendered for plaintiff in accordance with the report of the referee, and defendant appealed.

*T. W. Parkinson*, for the appellant.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

MARSHALL, J. In *Doty v. Sauk Co.* 93 Wis. 102, this court held that under secs. 4947, 4950, R. S., a sheriff is entitled to the actual expenses which he incurs in maintaining prisoners, including the cost of materials used for food and of preparing and serving the same, but no allowance for his personal services. It is contended on the part of the defendant that that case rules this. Here, as there, in respect to the expenditures for board of prisoners, the sheriff failed to keep any accounts, and did not pretend to know how much he had expended. At best, on the evidence, the court could only guess at the amount. There was evidence of the cost of provisions; also, evidence of what it cost some other person to do similar work under similar circumstances, all such evidence being of a very loose and unsatisfactory character. For instance, plaintiff's evidence was to the effect that it would take, among other things, about forty gallons of syrup, seven hundred weight of flour, thirty-six pounds of coffee, forty-five pounds of oatmeal, forty-five pounds of sugar, and eighteen pounds of tea to supply one prisoner for a year. Then he testified to the cost per month for servants and for overseeing the work, and the value of his wife's services, and testified that, in counting days, it was without reference to actual days or meals furnished; that the day of commitment and the day of discharge were counted as full days. Such evidence was followed by some opinion evidence re-

specting what was the reasonable cost of boarding prison-
ers. In our judgment, such evidence is far from coming
up to the rule of *Doty v. Sauk Co.*, and the plain mean-
ing of the statutes. Such statutes [R. S. secs. 4947, 4950]
say, "The sheriff shall be paid . . . the accounts hav-
ing been first allowed by the county board." That clearly
contemplates that the sheriff shall keep accounts of all ex-
penses for which the county is liable. Failure in that regard
constitutes a clear violation of official duty, and courts can-
not properly be called upon to remedy such neglect, for the
benefit of the negligent official, but rather should apply
stringent rules in determining how much should be paid to
an officer under such circumstances. The rule should be as
stringent as that applied to the adjustment of the accounts
of trustees under similar circumstances. Every intendment
of fact should be made against the claim, and the lowest es-
timate put upon all charges and expenses, and only such
allowed as are reasonable and established by clear and satis-
factory evidence. If the result of such rule works a loss to
the sheriff, it is because of his violation of official duty, for
which he alone is responsible and alone should bear the loss.
No reason exists why all the items of expense incurred in
maintaining prisoners should not be carefully kept, the same
as a good business man would keep his business accounts, so
that all such expense can be audited with certainty of doing
exact justice to the sheriff and the public as well. The stat-
utes contemplate that the accounts will be so kept and so
audited.

The principle of this decision is that, under the statutes of
this state, the sheriff is entitled to pay for his actual ex-
penses in maintaining prisoners confined in county jails
under his charge (following *Bell v. Fond du Lac Co.* 53 Wis.
433; *Nickell v. Waukesha Co.* 62 Wis. 469; *Parsons v. Wau-
kesha Co.* 83 Wis. 288, and *Doty v. Sauk Co., supra*); that
the law contemplates that he shall keep accurate accounts

of all such expenses, and present the same to the county board, and have the same audited, before receiving payment; that, if he neglects so to do, he can recover of the county, in an action therefor, only such expenses as he is able to show he incurred, by clear and satisfactory testimony, and only such as are reasonable.

It follows from the foregoing that the motion made by the defendant's counsel to modify the report of the referee so far as it allowed plaintiff any sum in excess of that allowed by the county board, and for judgment against plaintiff for costs, should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with instructions to enter judgment in defendant's favor in accordance with this opinion.