McCumber vs. Waukesha County.

McCUMBER, Appellant, vs. WAUKESHA COUNTY, Respondent.
McCUMBER, Respondent, vs. WAUKESHA COUNTY, Appellant.

*November 8 — November 26, 1895.*

*Officers: Village marshal and constables: Arrest and conveyance of prisoners: Fees: Reimbursement for moneys paid.*

1. A village marshal or constable cannot recover from the county for the transportation of prisoners in his own conveyance, his charges therefor, even if reasonable in amount, not being for "necessary disbursements *actually made*," within the meaning of sec. 843, R. S.
2. Officers are not entitled to fees for the performance of statutory duties for which no specific fees are provided.
3. An officer is not entitled to reimbursement for moneys paid to persons called upon by him, under sec. 4488, R. S., to render assistance in making arrests, since such assistance creates no debt upon him and his payment therefor is voluntary.

APPEALS from a judgment of the circuit court for Waukesha county: WARHAM PARKS, Circuit Judge.    *Affirmed on plaintiff's appeal; reversed on that of the defendant.*

McCumber vs. Waukesha County.

The plaintiff was marshal of the village of Waukesha. As such officer he rendered certain services in criminal matters, which were proper charges against *Waukesha* county. His bill was laid before the county board. Certain items were disallowed. He appealed to the circuit court. There the trial was before a referee. The referee's report was confirmed. Both parties appeal.

Four items of plaintiff's account are in controversy: (1) An item of $115.45, for the conveyance of prisoners; (2) an item of $4.68 for making returns on thirty-nine subpoenas and venires, at twelve cents each; (3) an item of $23.52, for making returns upon 196 warrants, at twelve cents each; and (4) an item of $245.50, for money paid out for assistance in making arrests on criminal warrants. The referee found that the plaintiff had actually and necessarily paid out $39 for the conveyance of prisoners,— this sum was allowed him; and that for the rest he had used his own conveyance,— this was disallowed, $76.45. The second and third items were wholly disallowed. From these disallowances the plaintiff appeals. The referee found that the plaintiff had actually paid out the amount of the fourth item for assistance in making arrests on criminal warrants, and that the plaintiff deemed such assistance necessary. The whole item was allowed. From this allowance the defendant appeals.

For the plaintiff there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

*T. W. Parkinson,* for the defendant.

NEWMAN, J. 1. As to the first item, of $115.45, the referee found that the plaintiff had actually disbursed the sum of $39 for the conveyance of prisoners, and that the residue of the charge was for the transportation of prisoners by his own conveyance, and for which he made no actual disbursement; but that the charges were reasonable in amount. It is evident that these latter were not " necessary disburse-

McCumber vs. Waukesha County.

ments *actually made*," within the intention of sec. 843, R. S., and so were not recoverable. *Crocker v. Brown Co.* 35 Wis. 284; *McDonald v. Milwaukee Co.* 41 Wis. 642; *Hartwell v. Waukesha Co.* 43 Wis. 311; *Parsons v. Waukesha Co.* 83 Wis. 288.

2, 3. No specific fee is provided for making the written return of service by the officer upon warrants, subpoenas, and venires. Officers take their offices *cum onere*, and services required of them, for which no specific fee is provided, are considered to be compensated by the fees allowed for other services. Cases cited above.

The judgment is affirmed upon plaintiff's appeal.

The statute contemplates that assistance in making arrests may sometimes be necessary, and it provides for such assistance. It makes it compulsory upon the person called upon by the officer to render assistance. R. S. sec. 4488. But it is not contemplated that assistance will be ordinarily necessary in making arrests for mere misdemeanors or about the mere ordinary police of villages, but infrequently and in important and urgent cases. But when such assistance is called, that creates no debt upon the officer. The service is not rendered to the officer, but to the public; and the officer is under no obligation to pay for it. If he do so, it is as a mere volunteer, and the money paid cannot be recovered. It is enough that the statute has not provided for the reimbursement of such expenditures by the county. Cases cited above.

The judgment of the circuit court is reversed upon the county's appeal.

*By the Court.*— Ordered accordingly.