VILLAGE OF WEST SALEM, Appellant, vs. INDUSTRIAL COM-
MISSION OF WISCONSIN and another, Respondents.
SAME, Respondent, vs. SAME, Appellants.

*November 20, 1915—January 11, 1916.*

*Workmen's compensation: "Employee" of village: Person killed
while assisting village marshal: Basis of award.*

1. Where a man, though technically under arrest by a deputy sheriff,
   was not under his control and, in defiance of such deputy and
   the village marshal, was disturbing the peace and violating the
   law, the marshal had authority, under sec. 884, Stats., to call
   upon other persons for assistance; and one who while respond-
   ing to such call was shot and killed by the prisoner was at the
   time in the service of the village as a temporary policeman un-
   der an authorized appointment, and hence under sec. 2394—7,
   Stats., was an employee of the village within the meaning of
   the Workmen's Compensation Act.
2. The compensation to be awarded for the death in such a case
   should be based on the earnings of one doing policeman's serv-
   ice in the same or a neighboring locality, as provided in sec.
   2394—10, Stats. 1913; and not upon the earnings of the deceased
   in his employment (in this case as a plumber) prior to the time
   he was called to the assistance of the marshal.

APPEALS from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an action to set aside an award of the *Industrial
Commission* requiring the plaintiff village to pay to *Alice
Voeck* $3,000 on account of the death of her husband, Will-
iam Voeck, caused by an accidental injury while in the em-
ploy of the plaintiff village.   The circuit court set aside the
award of the *Industrial Commission* and remanded the cause
to the *Commission* for further proceedings.   Both parties
appeal from this judgment of the circuit court.

William Voeck was a resident of the village of *West Salem*
at the time of his death.   One William Jones had left the
village to escape criminal prosecution.   He returned in about
a year.   On or about May 2, 1914, a warrant, which had

been previously issued by a justice of the peace and made returnable before the county court of La Crosse county, was put into the hands of the deputy sheriff, Weingarten, who attempted to take William Jones into custody. Mr. Wilcox, the village marshal of *West Salem,* met Jones and Weingarten immediately after Weingarten took Jones into custody and was informed by Weingarten that Jones did not wish to go to the village lock-up. Wilcox suggested that Jones might give bail for his appearance and they applied to Justice Nelson for release of Jones on his bond, but the justice disclaimed any authority to release Jones from custody. The parties then applied to Justice Phillip, who also refused to take any steps to release Jones. Jones became angered at this refusal and drawing a gun threatened Mr. Phillip. The deputy sheriff prevailed upon Jones not to shoot and to leave Justice Phillip's house, but when Phillip closed the house door Jones made angry threats and broke the glass in the door and again threatened Phillip. Weingarten did not succeed in restraining Jones in this disturbance of the peace, whereupon Wilcox stated to Weingarten that they must do something and that he would get help and started to get assistance. Wilcox met Voeck and told him that Jones had a gun and that Weingarten needed his help and proceeded to call others to assist in suppressing Jones's disturbance and violation of the criminal law. When Voeck got within a few feet of Jones and Weingarten, Jones suddenly drew his revolver and shot Voeck, who died a short time thereafter.

Voeck was employed as a plumber in the village of *West Salem* and earned about $18 per week. The *Industrial Commission* based the award of $3,000 upon Voeck's earnings as a plumber. The circuit court upon appeal held the village to be liable under the Compensation Act, but held that the award as fixed by the *Industrial Commission* was erroneously based upon Voeck's average earnings as a plumber, and held that compensation must be based upon earnings

in "the same or a similar" or the "most similar employ-
ment" to that in which the deceased was engaged at the time
of the injury, namely, that of a policeman of the village,
and remanded the cause to the *Commission* for further pro-
ceedings. From such judgment both of the parties appeal.

For the plaintiff there was a brief by *Baldwin & Bosshard,*
and oral argument by *C. L. Baldwin.*

For the defendant *Industrial Commission* there was a
brief by the *Attorney General* and *Winfield W. Gilman,* as-
sistant attorney general, and oral argument by *Mr. Gilman.*

For the defendant *Voeck* the cause was submitted on the
brief of *Grotophorst, Evans & Thomas.*

SIEBECKER, J. The inquiries are, Was the deceased,
Voeck, at the time in question, assisting the village marshal
in the execution of his duties in suppressing a disturbance
of the peace and aiding the marshal and the deputy sheriff,
Weingarten, in arresting Jones for violating the law of the
state? and Was he, if so engaged, employed as a policeman
of the village within the provisions of the Workmen's Com-
pensation Act?

The trial court correctly and clearly states the situation
of affairs at the time Jones created the trouble at Justice
Phillip's home which caused the village marshal to call on
Voeck to assist him and Weingarten at this place. The
circuit court concluded that, "While Jones was technically
under arrest by the deputy sheriff, it is apparent that he
was not under the control of the deputy and that the dep-
uty sheriff did not have either the courage or the ability to
perform his duty as a peace officer. After his arrest Jones
was both disturbing the peace and violating the law and the
deputy sheriff did not prevent farther continuance of such
conduct. Under such circumstances it was the duty of the
marshal to take such action as would prevent further contin-
uance of this lawless conduct on the part of Jones." The

facts and circumstances of the case show that Jones defied Weingarten and the marshal in their efforts to execute the law, and that an occasion was presented to the village marshal for calling upon citizens to aid them. It is clearly shown that the marshal called on Voeck for aid and that Voeck responded to the call and proceeded to the place where he was needed. While approaching Jones and Weingarten, Jones shot him.

The marshal's acts constituted in the law a command to Voeck to assist in the execution of the criminal law under the provisions of sec. 884, Stats. 1913, and refusal to comply therewith would have subjected him to the penalties of sec. 4488, Stats. 1913. By command of the village marshal Voeck was required to perform duties of the same kind as those of the marshal, namely, police duties to suppress a breach of the peace and to enforce the criminal law. The transaction in fact conferred on Voeck the powers and duties of a police officer for the purposes and the exigencies of the occasion. From this it logically follows that Voeck was engaged with the marshal in performing police duties in the village at the marshal's command. The duties and powers thus imposed on him under authority of the village marshal, by force of the statutes, constituted an appointment of Voeck to perform police service for the village. *State ex rel. Brown v. Appleby,* 139 Wis. 195, 120 N. W. 861; *McCumber v. Waukesha Co.* 91 Wis. 442, 65 N. W. 51; 3 Cyc. 877; 2 Ruling Case Law, p. 491, § 52. The result is that Voeck acquired the status of a police officer of the village and was engaged in the execution of the criminal law at the time of his death.

The Compensation Act (sec. 2394—7, Stats.) provides that the term "employee" as used in the act shall be construed to mean: "(1) Every person in the service of the state, or of any county, city, town, village, or school district therein

under any appointment, or contract of hire, express or implied, oral or written, except any official of the state, or of any county, city, town, village, or school district therein. . . . Policemen and firemen shall be deemed employees within the meaning of subdivision (1)" of this section, and any compensation awarded a policeman or fireman shall be reduced by any sum he received from any pension or benefit fund to which his municipality contributed. It is considered that Voeck, as we have shown, was in fact rendering services under an authorized appointment of the village within the power conferred by statute upon the marshal; that he acted in the capacity of a temporary policeman for the village by authority of law; and that the deceased was performing policeman's service within the contemplation of the Workmen's Compensation Act.

The service which he was performing did not entitle him to any specified fee or remuneration and hence it furnishes no wage basis upon which to compute compensation. The circuit court held that the *Commission* erred in basing their award on decedent's average wage as a plumber, which was his employment up to that time. We consider that the court properly held that decedent's employment as a plumber is not the correct basis of computation under sec. 2394—10, Stats. 1913, which provides that where the specified methods for ascertaining the average annual earnings cannot reasonably and fairly be applied, then the average annual earnings for basis of compensation shall be fixed, in the light of decedent's previous earnings, at the sum received by other employees of the same or most similar class engaged in the same or similar employment in the same or a neighboring locality. The decedent not having been employed nor earning a salary as policeman during the year preceding his death, the award must be based on the earnings of one doing policeman's service in his or the neighboring locality as pro-

vided by sec. 2394—10, Stats. 1913. The circuit court rendered a correct judgment and properly remanded the cause to the *Industrial Commission* for further proceedings according to law.

*By the Court.*—The judgment appealed from is affirmed. No costs are allowed to either party.