[Sac. No. 2597.    In Bank.—August 27, 1917.]

## MONO COUNTY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

Workmen's Compensation Act—Sheriff not an Employee of County.—Under section 13 of the Workmen's Compensation Act, defining the term "employer" as the state, and each county, city and county, city, school district, and all public corporations therein, and every person who has any person in "service under any appointment or contract of hire, or apprenticeship," and section 14, providing that the term "employee" shall be construed to mean every person in the service of an employer as defined by section 13 "under any appointment or contract of hire, or apprenticeship," a duly elected and qualified sheriff is not an employee of the county, and an award against the county for his death in the discharge of his official duties is unwarranted.

Id.—Re-enactment of Statute—State and County Officers not Employees.—The fact that the original Employers' Liability Act (Stats. 1911, p. 797), after defining the word "employee" in the language used in section 14 of the act of 1915, expressly excluded from the definition any state or county officer, and that the exception was not incorporated in the act of 1915, does not show a legislative intent that they should be included.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

O. F. Hakes, and Hartley F. Peart, for Petitioner.

Christopher M. Bradley, and Warren H. Pillsbury, for Respondent.

John D. Murphy, and W. H. Metson, *Amici Curiae.*

SLOSS, J.—James P. Dolan was the duly elected and qualified sheriff of Mono County. In July, 1915, he was called to a ranch, where depredations had been committed. While looking for the offenders, he encountered two men, whom he accosted. They opened fire, and inflicted fatal wounds upon him. The commission made an award in favor of his widow and against the county. Upon the petition of

Mono County, this court issued a writ of *certiorari* to review the award.

Assuming for the moment that the sheriff is an "employee" of the county within the meaning of the Workmen's Compensation Act (Stats. 1911, p. 796), we see no merit in the petitioner's contentions that the injuries received by Dolan did not arise out of or in the course of his employment, or that they were caused by his willful misconduct. The only question worthy of consideration is whether he was an "employee" within the meaning of the Workmen's Compensation Act. The statute, as it read on July 26, 1915, contained these definitions:

"Sec. 13. The term 'employer' as used in sections twelve to thirty-five, inclusive, of this act shall be construed to mean: The state, and each county, city and county, city, school district and all public corporations therein, and every person, firm, voluntary association, and private corporation, (including any public service corporation) who has any person in service under any appointment or contract of hire, or apprenticeship, express or implied, oral or written, and the legal representatives of any deceased employer. [Stats. 1915, p. 1081.]

"Sec. 14. The term 'employee' as used in sections twelve to thirty-five, inclusive, of this act shall be construed to mean: Every person in the service of an employer as defined by section thirteen hereof under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens and also including minors, but excluding any person whose employment is both casual and not in the usual course of the trade, business, profession or occupation of his employer, and also excluding any employee engaged in farm, dairy, agricultural, viticultural, or horticultural labor, in stock or poultry raising or in household domestic service, . . . " [Stats. 1915, p. 913.]

Under these sections, the essential condition of the relation of employer and employee is "service under any appointment or contract of hire, or apprenticeship." Does this language describe the status of an officer, like a sheriff, holding his office by virtue of an election, taking an official oath, giving an official bond, and having a tenure fixed by law? Certainly such an officer is not in service under any contract. "It is well settled that salaried public offices,

created by the legislature, are not held by contract." (*Miller* v. *Kister,* 68 Cal. 142, [8 Pac. 813] ; *Pennie* v. *Reis,* 80 Cal. 266, [22 Pac. 176] ; *Blynn* v. *City of Pontiac,* 185 Mich. 35, [151 N. W. 681].) Under the statute of Connecticut, which defines as employee "any person who has entered into or works under any contract of service or apprenticeship with an employer," it has been held that the sheriff is not an employee, because the relation "between him and the public is not the creature of contract, nor is the office itself a contract." (*Sibley* v. *State,* 89 Conn. 682, [L. R. A. 1916C, 1087, 96 Atl. 161].)

The only other ground upon which the sheriff may be brought within the terms of our statute is that he is in service under an "appointment of hire." To so hold would, however, require us to read the word "appointed" as equivalent to "elected," or as including both "appointed" and "elected." There is a clear and well-understood distinction between appointment and election. In *Wickersham* v. *Brittan,* 93 Cal. 34, [15 L. R. A. 106, 28 Pac. 792, 29 Pac. 51], this court said: "The term 'election' carries with it the idea of a choice, in which all who are to be affected with the choice participate, whereas from the word 'appointment' we understand that the duties of the appointee are for others than those by whom he is appointed. As distinguished from an election, an appointment is generally made by one person, or by a limited number, acting with delegated powers, while an election is the direct choice of all the members of the body from whom the choice can be made." Continuing, the court quoted with approval this expression from the opinion in *Magruder* v. *Swann,* 25 Md. 214: "No latitude of construction can justify the reading of 'elected' as the synonym of 'appointed.' " (See, also, *Conger* v. *Gilmer,* 32 Cal. 75.) Not only had the two words been defined judicially, but their distinctive meanings were commonly known when the legislature enacted the Workmen's Compensation Act. We would not be justified in saying that the framers of the act intended to extend its scope beyond the fair and settled signification of the words employed. Furthermore, the use of the word "hire" in sections 13 and 14 is, in some degree, indicative of an intention to exclude elected officers invested with "a portion of the sovereign power of the government to be exercised for the public good." (*Sibley* v. *State, supra.*)

If the sheriff is covered by the terms of the act, there is no ground for excluding other officers, such as the Governor, the attorney-general, the justices of this court, judges of the superior court, district attorneys, or the like. But such officers would hardly be said to be in service under any appointment or contract of *hire.* It is true that, in a sense, every office is an employment. (*United States* v. *Morris,* 2 Brock. 103, [Fed. Cas. No. 15,747].) But the officer is not an employee within the meaning of the statute, unless he is in service under an appointment or contract of hire. The state, and every governmental subdivision, employs many persons who fall within the terms of the definitions contained in sections 13 and 14. But the language of the act would have to be distorted from its true meaning to include in the definition of employees sheriffs and like elected officers.

Attention is directed to the fact that the original Employers' Liability Act (Stats. 1911, p. 797, sec. 6), after defining "employee" in the language used in section 14 of the present act, expressly excludes from the definition "any official of the state, or of any county . . . who shall have been elected or appointed for a regular term of one or more years, or to complete the unexpired portion of any such regular term." This exception is not incorporated in the act now in force. It is argued that by expressly excluding elected officials, the legislature of 1911 indicated its understanding that without such exception the general language would have included the excepted class. And, so the argument proceeds, when the legislature of 1913, in re-enacting the same general language in the new act, failed to exclude elected officers, it showed its intent that they should be covered by the law. It is, no doubt, the general rule that provisos or exceptions may be construed as indicating that, in their absence, the preceding general language would have covered the matter included in the proviso or exception. (*San Francisco* v. *Pacific Tel. & Tel. Co.,* 166 Cal. 244, 251, [135 Pac. 971].) But this mode of interpretation is not universal. "The limitation upon this rule is that it must not be carried too far,—that an exception from the general language of a statute is sometimes made out of an abundance of caution and not to indicate that without the exception its subject matter would come within the scope of the act." (*Tognazzini* v. *Jordan,* 165 Cal. 19, 23, [Ann. Cas. 1914C, 655,

130 Pac. 879, 881].) We think the statute of 1911 affords an appropriate illustration of the kind of cases to which this limitation is applicable. The fact that the legislature took the precaution to except elected officers from the provisions of the act of 1911 is not a sufficient ground for stretching the preceding words ("in service under an appointment") to cover such officers. Still less reason is there for holding that the asserted meaning of the word "appointed" had become so fixed by the addition of the excluding clause that, when this word was incorporated in a new statute without the exception, it must still be given the enlarged meaning which, as is claimed, arose from the now omitted exception.

The amendment of 1915 to section 14 (Stats. 1915, p. 913), excluding from the definition of employee certain classes of deputies, was not in force at the time of Dolan's death. It can throw no light upon the proper interpretation of the section enacted in 1913. Furthermore, we do not think that the exception tends to show anything more than that, in its absence, *deputies* of clerks, sheriffs, or constables would be included in the definition of employees.

The award is annulled.

Shaw, J., Melvin, J., and Henshaw, J., concurred.