[S. F. No. 11973.   In Bank.—August 13, 1926.]

COUNTY OF MONTEREY et al., Petitioners, v. INDUS-
    TRIAL   ACCIDENT   COMMISSION   and   NELLIE
    PEARL RADER et al., etc., Respondents.

[1] PUBLIC OFFICERS—SHERIFFS—APPOINTMENT OF DEPUTIES—EMPLOYER
    OF COUNTY.—A citizen commandeered by the sheriff of a county, who
    at the time was organizing a party of officers for the purpose of
    apprehending and placing under arrest certain violators of the
    law, was in the service of the county by the appointment of its
    sheriff, who is vested with power to confer upon a citizen the
    authority of a deputy sheriff or peace officer of the county.

[2] ID.—POWER OF SHERIFF—APPOINTMENT AND POWER OF DEPUTY.— The sheriff of a county may, without organizing a formal *posse comitatus*, orally summon to his assistance any person when he deems it necessary to effect an arrest; and the person thus summoned has all the authority of the formally deputized officer in such matter, and is in fact a *de jure* deputy sheriff.

[3] ID.—WORKMEN'S COMPENSATION ACT—DEPUTY SHERIFF—EMPLOYEE OF COUNTY.—A citizen commandeered by the county sheriff, who at the time was organizing a party of officers for the purpose of apprehending and placing under arrest certain violators of the law, was not excluded from the term "employee," as defined by section 8 (a) of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831), not being appointed for his own convenience; and where he was killed in the performance of such duty his minor child is entitled to the benefit of the compensatory provisions of said act.

(1) C. J., p. 49, n. 52.   (2) 35 Cyc., p. 1524, n. 65 New.   (3) 23 C. J., p. 98, n. 90; C. J., p. 49, n. 95, p. 47, n. 33, p. 49, n. 52.

APPLICATION for a Writ of Certiorari to annul an order of the Industrial Accident Commission awarding compensation for death.   Award affirmed.

The facts are stated in the opinion of the court.

Frank J. Creede, Thomas W. Slaven and B. E. Pemberton for Appellant.

G. C. Faulkner for Respondents.

SEAWELL.—This matter is before us upon a petition for a writ of review praying for the annulment of the award made by the Industrial Accident Commission in favor of respondent Nellie Pearl Rader, the minor daughter of N. H. Rader, killed under circumstances hereafter related. Anna K. Rader is the mother of and guardian *ad litem* of said Nellie Pearl Rader, but she makes no claim for herself.

The facts of the case are these: N. H. Rader, father of said Nellie Pearl Rader, was, on July 6, 1925, a citizen of the county of Monterey, this state, and engaged in the business of conducting a second-hand store at the city of Salinas, county of Monterey. He had attended a meeting

2.   See 23 Cal. Jur. 321; 2 R. C. L. 491.

of a fraternal organization on the night of July 6, 1925, and was returning to his home at about the hour of eleven o'clock, at which time he was commandeered by the sheriff of Monterey County, who was then organizing a party of officers for the purpose of apprehending and placing under arrest certain violators of the Wright or Volstead Acts who were criminally connected with landing or seizing by force a cargo of intoxicating liquors, and who had earlier in the evening, while engaged in said unlawful enterprise, fired upon the sheriff's deputies, and were lurking under cover of night at or near Moss Landing, said county, to join said party of officers in the pursuit of said violators of the law. The sheriff, as he was about to depart for Moss Landing, observed the presence of N. H. Rader, and commanded his services. The party then consisted of the sheriff, a regularly appointed deputy sheriff, and the chief of police of the city of Salinas. The sheriff had been in search of the constable of Salinas township to complete his aide but being unable to find him mustered said Rader into service in his stead. A firearm furnished by the deputy sheriff was placed in the hands of Rader. Upon arriving at the objective spot at about twelve o'clock midnight, the party or posse was divided into two groups. While they were in the act of being stationed at certain points to block the avenues of escape and there to await the coming of day, they were viciously fired upon by the persons whom they were attempting to place under arrest, who were armed with machine-guns, with the result that a bullet fired from a machine-gun operated by said persons pierced the heart of Rader and he was instantly killed.

The proceedings are governed by the act as amended in 1917, approved March 23, 1917, which became effective January 1, 1918. The Industrial Accident Commission awarded his daughter, fourteen years of age, and wholly dependent, a death benefit of $4,900, payable at the rate of $20.83 a week, and $100 burial expenses. The death benefit is based upon the annual, actual wages or salary fixed by law as the compensation of a deputy sheriff of Monterey County. The Commission found, and the finding is sustained by the evidence, that Rader had served the sheriff and county as an officer in other emergency cases. His *per diem* for previous services was fixed at $5, which was paid as a

county charge upon one or two occasions and by the sheriff from his personal account upon other occasions. Nothing was said in the instant case as to compensation. Petitioners insist that the Commission exceeded its jurisdiction in making the award, for the reason that the deceased cannot be regarded as an employee within the terms and meaning of the Workmen's Compensation, Insurance and Safety Act, inasmuch as he was required to perform the services demanded of him by the sheriff by virtue of the statutory law of the state and not by virtue of any contract entered into between him and the sheriff or the county. It is argued by petitioners that the deceased was commandeered or conscripted by the sheriff under the provisions of statutory law which give the sheriff authority to summon a *posse comitatus*, and when killed he was but performing a duty which every citizen owes to his sovereign, the state, there being no warrant or authority in the law providing for the payment of wages or compensation to a person thus pressed into service.

The right of the respondent minor child to recover compensation on account of the death of her parent, caused in the manner herein related, exists, if at all, by virtue of the provisions of sections 7 and 8 (a), Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831). The term "employer," as used in said section, is declared to mean the state, and each county, city and county, city, school district, irrigation district, all other districts established by law, and all public corporations and *quasi*-public corporations and public agencies therein, and every person, firm, voluntary association, and private corporation, including any public service corporation, "who has any person *in service under any appointment* or contract of hire, or apprenticeship, express or implied, oral or written, and the legal representative of any deceased employer." (Italics supplied.) Section 8 (a) defines the term "employee" to mean: "Every person in the service of an employer as defined by section seven hereof under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also including minors, whether lawfully or unlawfully employed, and all elected and appointed paid public officers, and all officers and members of boards of directors of *quasi*-public or private corporations, while rendering actual service for such corporations for pay, but excluding any person

whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer, and also excluding any employee engaged in household domestic service, farm, dairy, agricultural, viticultural or horticultural labor, in stock or poultry raising and any person holding an appointment as deputy clerk, deputy sheriff or deputy constable appointed for the convenience of such appointee, who receives no compensation from the county or municipal corporation or from the citizens thereof for services as such deputy; . . ."

[1] Clearly the deceased was in the service of the county of Monterey by the appointment of its sheriff, who was vested with power to confer upon the deceased the authority of a deputy sheriff or peace officer of said county. (Pol. Code, sec. 4157, subd. 5; Pen. Code, secs. 150 and 723.) [2] The sheriff may, without organizing a formal *posse comitatus*, orally summon to his assistance any person when he deems it necessary to effect an arrest. (2 R. C. L., p. 491.) The person thus summoned has all the authority of a formally deputized officer in such matter, and is in fact a *de jure* deputy sheriff. The deceased was at the time he was slain in the service of the county under appointment by a county officer, to wit, the sheriff.

[3] The next question presented for solution is whether he was excluded from the term "employee" as it is defined by said section 8 (a). It will be observed that said section by a general clause includes within the term *employee* "every person in the service of an employer as defined by section seven hereof under any appointment or contract of hire or apprenticeship," and then, out of an abundance of caution, proceeds, for reasons that will hereafter be related, to bring within the meaning of the term employee, by specific mention, "all elected and appointed paid public officers."

The section concludes by specifically excluding from the meaning of the word "employee" all employees engaged in household domestic service, farm, dairy, agricultural, viticultural or horticultural labor, etc., and "any person holding an appointment as deputy clerk, deputy sheriff or deputy constable *appointed for the convenience of such appointee,* who receives no compensation from the county or municipal corporation or from the citizens thereof for services as such

deputy. . . ." (Italics supplied.) The exclusion of persons rendering service from the benefits of the act must be considered in the light of subdivision (b) of said section 8, which provides: "Any person rendering service for another, other than as an independent contractor, or as *expressly excluded* herein, is *presumed* to be an employee within the meaning of this act." (Italics supplied.) The service rendered by the deceased by no means excluded him from the definition of the term employee. That he was acting in the course of the business or occupation of the sheriff there is no room for question, and that he was in the service of his employer by appointment by the sheriff, who was the county's legally authorized officer or agent in such cases, is beyond cavil. We are next confronted with the proposition that because "all elected and appointed paid public officers" are expressly mentioned as being within the benefits of the act it must follow that all other persons in the service of a public officer under *any* appointment not of hire are excluded from its compensatory provisions even though said appointees do not come within the class of those persons who are *expressly* excluded by the act. We are not convinced that the act intended to exclude from its benefits *all* persons in the service of a public officer by *any* appointment, and that "any appointment" means that such persons must, in order to come within the provisions, be in service under an appointment "of hire." The class of servants upon which the benefits of the act are expressly conferred includes "persons in service under any appointment or contract of hire or apprenticeship." Three distinct relationships are thus specified, and, in view of the liberality of construction that must be indulged in favor of the award and the positiveness of the language required to justify exclusion from the benefits of the act, it cannot be said that it was the clear intent of the act that there be read into it, following the words "any appointment," the qualifying words "of hire," as such words appear after the word "contract." Section 8 (a) *ex industria* provides that "all elected and appointed paid public officers" are employees within the meaning and purposes of the act and only such person as holds by appointment as "deputy clerk, deputy sheriff or deputy constable appointed for the convenience of such appointee, who receives no compensation from the

county or municipal corporation or from the citizens thereof for services as such deputy," is excluded from the benefits of the act. It is fair to conclude from the foregoing language that a deputy officer, such as a deputy sheriff, who is not appointed for *his own convenience* (and we will take judicial notice that many such are appointed at their own request to serve their personal interests) is entitled to the benefits of the compensatory provisions of the act. There is much reason to sustain the construction which we are required to place upon the section, not alone by reason of the peculiar phraseology of said section, but also in view of the history of the legal controversy which arose out of the circumstances of the slaying of the sheriff of Mono County as set out in the case of *Mono County* v. *Industrial Accident Commission*, 175 Cal. 752 [167 Pac. 377]. The legislature, with the purpose of saving such cases from the peril of annulment, extended the term "employee" to include *elected heads* of public offices and inserted in the amendment of 1917 the italicized words *"all elected and appointed paid public officers,"* words not in the acts of 1911 and 1913. The slaying of the sheriff of Mono County occurred in 1915, and the court held that inasmuch as the law as it then stood (Stats. 1913, p. 279) did not make provision for the compensation of "elected" officials and the office of sheriff was not one filled by appointment, the death of said sheriff was not compensable. (*Mono County* v. *Industrial Accident Commission, supra.*) The sheriff in that case was killed while engaged in an attempt to apprehend offenders against the law in July, 1915. A writ of *certiorari* was issued out of this court in October, 1916, and an opinion was filed August 27, 1917, annulling the award. There can be no doubt that the legal and public controversies that grew out of the uncertain situation as to whether the sheriff (an elected officer) was entitled to compensation under the wording of the statute as it then stood furnished the reason for the amendment of 1917. There is no room to doubt that the legislature had in mind but one particular class of officers, to wit, *elected* officials, whose right to enjoy the benefit of the act was under attack in that case, and not deputies, whose right to compensation was not at issue. As to the latter, the act provides that "any person holding an appointment as deputy clerk, deputy sheriff, or deputy

constable'' who receives no compensation from the county or municipal corporation, nor from the citizens thereof for services rendered as such deputy is excluded from the act only in case such deputy is appointed for his own convenience. The decedent did not fall within the foregoing or any other clause of exclusion. He was a deputy sheriff designated by his principal to perform an official act and necessarily clothed with all the executive power in the premises that any commission could have conferred upon him.

By the amendment of section 8(a), *supra*, which was made for the purpose of including within the benefits of the statute ''elected officers,'' the legislature also added ''appointed paid public officers.'' We are of the opinion, as expressed above, that the legislature by the amendment had in mind the principals or heads of the various departments of government considered with respect to two classes of public officials, to wit, those who receive no compensation for their services but are allowed their expenses, or a stated fixed *per diem* deemed sufficient to cover actual expenses while engaged in occasional service, and those who receive a fixed salary for the performance of continuous duties. But the inclusion by amendment of ''appointed paid public officers,'' which we think was intended to apply to the heads of departments, does not vitiate or annul the subsequent provisions of the act which relate specifically to deputy clerks, deputy sheriffs and deputy constables—officers not within the express exclusion provisions of the act.

*Village of West Salem* v. *Industrial Commission,* 162 Wis. 57 [L. R. A. 1918C, 1077, 155 N. W. 929], is direct authority for the Commission's award in the instant case. Voeck, a private citizen, was called upon by the city marshal of the village of West Salem to assist in arresting a person who was resisting legal process. In attempting to execute the command of the marshal, Voeck was killed by the person resisting arrest. Section 1, Compensation Act of Wisconsin, corresponding with section 8 (a) of our act, provides that the term ''employee'' as used in the act shall be construed to mean:

''(1) Every person in the service of the state, or of any county, city, town, village, or school district therein under any appointment, or contract of hire, express or implied,

oral or written, except any official of the state, or of any county, city, town, village, or school district therein."

The court, in applying the law as declared by said section to the facts of the case, said: "By command of the village marshal Voeck was required to perform duties of the same kind as those of the marshal, namely, police duties to suppress a breach of the peace and to enforce the criminal law. The transaction in fact conferred on Voeck the powers and duties of a police officer for the purposes and the exigencies of the occasion. From this it logically follows that Voeck was engaged with the marshal in performing police duties in the village at the marshal's command. The duties and powers thus imposed on him under authority of the village marshal, by force of the statutes, constituted an appointment of Voeck to perform police service for the village. (*State ex rel. Brown* v. *Appleby,* 139 Wis. 195 [120 N. W. 861]; *McCumber* v. *Waukesha County,* 91 Wis. 442 [65 N. W. 51]; 3 Cyc. 877; 2 R. C. L. 491, section 52.) The result is that Voeck acquired the status of a police officer of the village and was engaged in the execution of the criminal law at the time of his death. . . .

"It is considered that Voeck, as we have shown, was in fact rendering services under an authorized appointment of the village within the power conferred by statute upon the marshal; that he acted in the capacity of a temporary policeman for the village by authority of law; and that the deceased was performing policeman's service within the contemplation of the Workmen's Compensation Act. . . . "

The court held in the foregoing case that the award should be based on the earnings of one doing police service in the village of West Salem at the time Voeck was killed. In the instant case, under the rules above announced, compensation would be fixed, as computed by the Commission, upon the average annual earnings of a deputy sheriff of the county of Monterey. This basis of computation is also approved in *Millard County* v. *Industrial Commission,* 62 Utah, 46 [217 Pac. 974]. The facts of that case are quite similar to the facts of the instant case, and the Workmen's Compensation Act of Utah does not differ from our act in material respects. Upon principle it is an authority supporting the Commission's award.

Petitioners assert with much emphasis the claim that the status of N. H. Rader was that of a member of a *posse comitatus*, and that neither under the common law nor the statutes of this state could he be regarded as an officer or as a person serving by appointment. The right of the respondent to receive compensation is derived from the provisions of the Workmen's Compensation, Insurance and Safety Act, and this right is not affected by statutes passed many years prior to the adoption of said act which merely confer authority upon the sheriff to organize a *posse* as public necessity may require. Those statutes have to do with the public peace and safety of the state and do not purport to give the slightest consideration to the objects or purposes made paramount by recent legislation which makes compensable injuries received by persons while engaged in both private and public service.

The decedent in the instant case was compelled by the sheriff of the county of Monterey to perform the service of a deputy sheriff of that county (Pen. Code, sec. 150), and was charged with the performance of the same duty that would have rested upon a regularly appointed deputy sheriff under like circumstances, and while so acting he was killed. Under such circumstances he will be held to be within the protection of the law in assuming the risks incident to his office. We feel satisfied that when killed he was performing the service of a deputy sheriff within the contemplation of the Workmen's Compensation, Insurance and Safety Act of this state.

The award is affirmed.

Richards, J., Shenk, J., Curtis, J., and Waste, C. J., concurred.