[S. F. No. 13326. In Bank.—August 22, 1929.]

DEPARTMENT OF NATURAL RESOURCES OF THE STATE OF CALIFORNIA, DIVISION OF FISH AND GAME, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MARGARET MACHADO et al., Respondents.

Daniel W. Burbank and C. F. Laumeister for Petitioner.

G. C. Faulkner for Respondents.

THE COURT.—The petitioner herein seeks to have reviewed and annulled a decision and award of the Industrial Accident Commission, by the terms of which the widow and minor son of one Frank Machado was granted an award by the Commission upon the occurrence of the sudden death of said Frank Machado, who was drowned while acting in the capacity of a volunteer deputy of the Fish and Game Commission of the state of California. The undisputed facts are these: Prior to October 15, 1927, Frank Machado applied to the Fish and Game Commission for appointment to the position of volunteer deputy fish and game warden in the region of Watsonville. The Fish and Game Commis-

sion approved his application, whereupon Machado subscribed to the oath of office and furnished the bond as required by the provisions of section 642 of the Political Code (as amended by Stats. 1927, p. 947), and also paid the fee of five dollars, required premium on said bond, and thereupon and on October 15, 1927, received his certificate of appointment as such volunteer deputy of said Commission. While serving in that capacity and on June 10, 1928, said Frank Machado was accidentally drowned through the capsizing of his motor-boat in Pinto Lake in Santa Cruz County and while he was actively engaged in performing the duties incident to his position. Thereafter and upon the application of his widow and minor son the Industrial Accident Commission, upon a showing of the foregoing facts and its finding thereon, made and entered its award in favor of said applicants, whereby the petitioner herein was ordered to pay the sum of $1150 as death benefits and burial expenses to the applicant, Margaret Machado. A petition for rehearing filed by the petitioner herein was thereafter denied by the Commission; whereupon the petitioner filed this application for a writ of review.

The primary question of law presented upon this application is as to whether Frank Machado at the time of his death was such an employee of the Fish and Game Commission as to come within the provisions of the Workmen's Compensation Act relating to public officers and to the class of public officers, the widow, heirs and dependents of which are entitled under the terms of the act to receive an award upon the death of such employee while in the course of performing the services required by his official position. That Frank Machado was a public officer under the provisions of section 642 of the Political Code is conceded by the parties to this proceeding. He was what was known as a volunteer deputy fish and game warden, appointed as such under the provisions of the foregoing section of the Political Code, which permits the Fish and Game Commission to appoint deputies "with or without pay." That Frank Machado was of the latter class and from and after the time of his appointment up to the time of his death was engaged in the service of said Commission without pay would seem to be apparent from the facts attending his appointment and service, the only sum of money which he received from the Commission

during the period of his service being the sum of five dollars, returned to him for the purpose of reimbursing him for the amount which he had been required to pay as premium upon his bond. It is true that under a rule of the Commission relating to volunteer deputies it is provided that since the Secretary of State requires the payment of a fee of five dollars upon the filing of the bond of a volunteer deputy ''each volunteer deputy will be paid a salary of five dollars for the first month's service to compensate him for the bond premium. Thereafter his services will be volunteer and without compensation.'' It would seem, however, to be clear under the very terms of the foregoing rule, that at least from and after the first month of the decedent's service and the receipt by him of the sum of five dollars as provided for in said rule his services thenceforth and up to and including the time of his death were ''volunteer and without pay'' and that he must therefore be held to have been an appointed public officer, serving as such without pay. Section 8 [subd. A] of the Workmen's Compensation Act (Stats. 1917, p. 835), provides as follows:

''The term 'employee' as used in sections six to thirty-one, inclusive, of this act shall be construed to mean: Every person in the service of an employer as defined by section seven hereof under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also including minors, whether lawfully or unlawfully employed, and all elected and appointed paid public officers, and all officers and members of boards of directors of *quasi* public or private corporations, while rendering actual service for such corporations for pay, but excluding any person whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer, and also excluding any employee engaged in household domestic service, farm, dairy, agricultural, viticultural or horticultural labor, in stock or poultry raising and any person holding an appointment as deputy clerk, deputy sheriff or deputy constable appointed for the convenience of such appointee who receives no compensation from the county or municipal corporation or from the citizens thereof for services as such deputy; provided, that such last exclusion shall not deprive any person so deputized from recourse against

any private person employing him for injury occurring in the course of and arising out of such employment."

The history of the various amendments to said statute in so far as the matters referred to in the aforesaid section thereof are concerned, and the course of judicial decisions which apparently resulted in the successive amendments thereof, would seem to shed a clear light upon the intent of the legislature in the adoption of the final amendment of section 642 of the Political Code, and which amendment was in full force and effect at all times during the appointment and service of said decedent. By the provisions of the Workmen's Compensation Act as originally adopted in 1913 (Stats. 1913, p. 279), it was provided in section 14 thereof that, "The term 'employee' as used in sections twelve to thirty-five, inclusive, of this act shall be construed to mean every person in the service of an employer as defined by section thirteen hereof, under any appointment or contract of hire or apprenticeship, express or implied." The term "employer" as originally used in said act was given application [sec. 13] to "the state and each county, city and county, city school district, and all public corporations therein, and every person, firm, voluntary association and private corporation (including any public service corporation) who has any person in service under any appointment or contract of hire or apprenticeship," etc. In the case of *Mono County* v. *Industrial Acc. Com.*, 175 Cal. 752 [167 Pac. 377], wherein the Industrial Accident Commission had made an award against the county of Mono and in favor of the widow of one James P. Dolan, the duly elected and qualified sheriff of said county and who had been killed while in the performance of his official duties as such sheriff, this court in annulling said award held that the provisions above quoted from sections 13 and 14 of said act could not be given application to the sheriff of Mono County for the reason that he was not to be held an employee of the county "under any appointment or contract of hire" as provided by the terms of said act then in force. While said cause was pending before this court the legislature undertook to amend the Workmen's Compensation Act (Stats. 1917, p. 831) so as to embrace within the meaning of the term "employee" as used therein "all elected and appointed paid public officers." In the case of *County of Monterey* v.

*Industrial Acc. Com.*, 199 Cal. 221 [47 A. L. R. 359, 248 Pac. 912], a deputy sheriff named N. H. Rader, appointed as such by the sheriff of the county of Monterey to serve as such and as part of a *posse comitatus* in aid of such sheriff, while attempting the arrest of certain persons engaged in the violation of the state and federal prohibition laws, was killed while in the course of performing such public service. Under the provisions of the law relating to the appointment of such deputy sheriffs for such emergency service, the person so appointed was entitled to receive pay from the county in a designated amount while serving in such a public official capacity. Upon the death of said Rader the Industrial Accident Commission having made an award of compensation to his minor child, this court decided that such award should be upheld after a careful review of the several changes which had been made in the Workmen's Compensation Act affecting the status of public officers; and in so doing held that the decedent in the case then before it came within the provisions of the amendment to the act adopted in 1917, which purported to embrace within its benefits "all elected and appointed *paid* public officers." In so deciding, this court differentiated between those deputies of public officers who were engaged in the public service and were serving chiefly for their own convenience and without pay, and those who were serving for pay in their particular official capacity; and held that as to the former class it was the clear intent of the legislature in its amendments to the Workmen's Compensation Act adopted in 1917 to exclude those who were thus serving without pay from the beneficial provisions of the act. Following that decision by this court the legislature, while otherwise making various amendments in the Workmen's Compensation Act at the several sessions thereof, has undertaken to make no change in the provisions thereof relating to those public officers who are to be held to come within the term "employes" for the purpose of being brought within the beneficial provisions of said statute. We therefore see no escape from the conclusion that public officers of the class of the decedent herein who are serving without pay are not to be held included within the beneficial provisions of said act so as to entitle themselves, or, in the event of their death, their heirs or dependents, to receive an award at the hands of the Industrial Accident Commission.

It necessarily follows that the award made by the Commission in the instant case must be annulled, and it is so ordered.

Rehearing denied.

All the Justices present concurred.