HAROLD A. MOORE, EMPLOYEE, v. STATE OF NORTH CAROLINA, SELF-INSURER.

(Filed 27 January, 1931.)

**1. Master and Servant F i—Findings of fact of Industrial Commission are binding on courts, but not findings or admissions of law.**

Where there is an admission contained in the report of the Industrial Commission passing upon the question of awarding compensation to an employee of the State, that the employee was in the employment of the State and that the accident arose out of and in the course of the employment, these being admissions as to the law upon the facts, the courts will disregard them.

**2. Master and Servant F a—A person is an employee under the act if engaged in work under any appointment or contract of hire.**

The State is its own insurer under the provisions of the Workmen's Compensation Act, and is bound by its provisions, and where the question is whether the appellant is an employee thereunder it may be resolved in the employee's favor in two ways: whether his employment arose under a contract or under a power of appointment authorized or binding upon the State or any of its political subdivisions.

**3. Same—One appointed by county forest warden to assist in fighting forest fire is an employee of the State within meaning of act.**

A forest warden of a county is given statutory authority to appoint persons between certain ages to assist him in fighting forest fires with pain of penalty upon refusal, C. S., 6136, 6137, and a person so appointed is entitled to receive a small hourly compensation for the services so rendered, and one so appointed is an employee of the State within the meaning of the Workmen's Compensation Act, and is entitled to compensation thereunder for an injury received in the course of and arising out of his duties imposed by such appointment.

APPEAL by defendant from *Cowper, Special Judge,* at September Term, 1930, of WAKE.

This is a claim for compensation for loss of the plaintiff's left eye caused by its being struck by a bush while he was helping to extinguish a forest fire. The record contains this entry: "It was admitted that the plaintiff was in the employment of the Department of Conservation and Development at the time of the injury; that the accident arose out of and in the course of the employment, leaving for determination only the one question, to wit, the amount of the average weekly wage of the claimant."

The findings of fact are as follows:

1. At the time of the accident the claimant was acting as assistant to Everett Bryson, who was the duly appointed forest warden for the

particular district, and who had summoned the claimant in pursuance of the authority given him by section 6137 of the North Carolina Code.

2. While so engaged the claimant was injured in the eye, which resulted in the complete loss of vision.

3. The claimant was engaged as assistant, under summons, of the forest warden, in the extinguishment of the forest fire for the period of five hours, for which he received compensation at the rate of 20 cents per hour.

4. The average weekly wage of the claimant in his civil vocation exceeded $30 per week.

5. It is impracticable to compute the average weekly wage of this claimant in accordance with the general rule of subsection (e), section 2, and that the application of said rule to the instant case would be unfair to the claimant on account of the exceptional circumstances of his employment."

The Industrial Commission awarded the plaintiff compensation in the sum of eighteen dollars a week for one hundred weeks, and all medical and hospital bills, including an artificial eye, as provided by section 25 of the Workmen's Compensation Act. On appeal, the Superior Court affirmed the judgment of the Industrial Commission. The defendant excepted and appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for appellant.*

*M. A. James for appellee.*

ADAMS, J. The award of the Industrial Commission is conclusive and binding as to all questions of fact. Workmen's Compensation Law (P. L. 1929, ch. 120), sec. 60. Whether an injury by accident has arisen out of and in the course of a person's employment is a mixed question of law and fact, and while the parties to an action or proceeding may admit or agree upon facts they cannot make admissions of law which will be binding upon the courts. *Rawlings v. Neal,* 122 N. C., 173; *Binford v. Alston,* 15 N. C., 351. If, therefore, the facts as found do not show that the plaintiff was an employee of the State as defined in section 2(b) or that his injury is such as is defined in section 2(f), the admission on these points may be disregarded.

The award was based upon these facts: A forest warden in Buncombe County had summoned the plaintiff to assist others in subduing a forest fire, and the plaintiff, while thus engaged for a period of five hours (for which he received twenty cents an hour) suffered an injury to his left eye which resulted in the total loss of its vision. It is contended by the defendant that these facts do not justify the award for

the asserted reason that the plaintiff was not an employee of the State within the meaning of the Workmen's Compensation Law. The act defines an "employee" as every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed, but excludes persons whose employment is both casual and not in the course of the trade, business, profession, or occupation of the employer. As relating to those so employed by the State, the term "employee" includes all officers and employees of the State, except such as are elected by the people or by the General Assembly, or appointed by the Governor. The words "those so employed by the State" manifestly refer to persons who are "engaged in an employment under any appointment or contract of hire or apprenticeship." With respect to political subdivisions of the State the term "employee" includes all officers and employees thereof, except such as are elected by the people or by the council or governing body of such political subdivision, who act in purely administrative capacities and are to serve for a definite term of office. Section 2(b).

It will be noted that the inquiry which immediately concerns us is whether the plaintiff at the time of his injury was an employee of the State within the meaning of the law. By the terms of the statute he was an employee if he was "engaged in an employment under any appointment or contract of hire." This phrase embodies the two notions of an employment under an appointment and an employment under a contract of hire. Disregarding the theory of a contract of hire we must determine whether the plaintiff was engaged in an employment under an appointment made by a political subdivision of the State.

In 1925 the duties theretofore discharged by the State Geological and Economic Survey were vested in the Department of Conservation and Development., P. L. 1925, ch. 122, sec. 22. The State Board of Conservation and Development is authorized to provide for the prevention and control of forest fires. With the approval of this board the State forester, who is ex officio the State forest warden, may appoint one county forest warden and one or more deputy forest wardens in each county of the State if deemed advisable and necessary. C. S., 6133, 6134. Everett Bryson had been appointed forest warden of Buncombe County and had been charged with the performance of prescribed duties. He had charge of measures for controlling forest fires; he was clothed with power to make arrests for the violation of forest laws; and while engaged in extinguishing forest fires he had control and direction of persons and apparatus. He has authority to summon any male resident between eighteen and forty-five years to assist him; and if a person summoned is physically able to assist and refuses or neglects to do

so he is guilty of a misdemeanor. C. S., 6136, 6137. The forest warden may be compensated at a rate not exceeding thirty cents an hour, and the plaintiff was paid twenty cents an hour for the time he was actually engaged.

If the fire warden had himself been injured while performing his duties his right to compensation would hardly be questioned. Was not the plaintiff equally engaged in the employment of the State? He and the warden were engaged in the same service—the extinguishment of the fire. The fact that he was serving the State by the command or appointment of the warden does not change the nature of the service; he was acting in the capacity of a temporary warden by authority and, indeed, by the mandate of the law. 18 R. C. L., 577.

The question has been considered in other jurisdictions. In *West Salem v. Industrial Commission,* 162 Wis., 57, William Voeck was called by the village marshal to assist an officer who had taken into custody upon a justice's warrant a man who was armed with a pistol. When assisting the officer Voeck was shot and killed by the prisoner. In holding that the deceased was entitled to an award under the Compensation Act, the Court said: "The marshal's acts constituted in the law a command to Voeck to assist in the execution of the criminal law under the provisions of section 884, Stats. 1913, and refusal to comply therewith would have subjected him to the penalties of section 4488, Stats. 1913. By command of the village marshal Voeck was required to perform duties of the same kind as those of the marshal, namely, police duties to suppress a breach of the peace and to enforce the criminal law. The transaction in fact conferred on Voeck the powers and duties of a police officer for the purposes and the exigencies of the occasion. From this it logically follows that Voeck was engaged with the marshal in performing police duties in the village at the marshal's command. The duties and powers thus imposed on him under authority of the village marshal, by force of the statutes, constituted an appointment of Voeck to perform police service for the village. *State ex rel. Brown v. Appleby,* 139 Wis., 195, 120 N. W., 861; *McCumber v. Waukesha Co.,* 91 Wis., 442, 65 N. W., 51; 3 Cyc., 877; 2 Ruling Case Law, p. 491, par. 52. The result is that Voeck acquired the status of a police officer of the village and was engaged in the execution of the criminal law at the time of his death."

Upon a similar state of facts the same conclusion was reached by the Supreme Court of California in an exhaustive opinion in which, concerning the death of one who was assisting an officer, it was said: "The service rendered by the deceased by no means excluded him from the definition of the term employee. That he was acting in the course of the business or occupation of the sheriff there is no room for ques-

tion, and that he was in the service of his employer by appointment by the sheriff, who was the county's legally authorized officer or agent in such cases, is beyond cavil."

A similar view was expressed in *Millard County v. Industrial Commission,* 217 Pac. (Utah), 974.

The principle applies to the case before us. While assisting in subduing the fire the plaintiff was engaged in an employment under appointment by the forest warden and, as held by the Industrial Commission and by the Superior Court on appeal, he was an employee within the meaning of the Compensation Act.

There is no exception to the method of computation.

Judgment affirmed.