The relators maintain that they are entitled to be compensated on the basis of their average weekly wages as members of the volunteer fire department, and as baker and restaurant employe, respectively.
The respondent contends that the proper basis of compensation should be limited to the wages received by relators as volunteer firemen.
The real question presented, therefore, is: What is the proper basis of compensation for these injured relators?
The legislation enacted by the General Assembly under the constitutional sanction in creating a state insurance fund for the benefit of employes, and providing for its administration, is commonly designated as the "Workmen's Compensation Act." By virtue of Sections 1465-60 to 1465-63, inclusive, General Code, Jefferson township was a contributor to the state insurance fund, and relators were public employes protected by such fund. Contribution was made by the township on behalf of relators,in proportion to the pay they received as firemen. Nowhere does it appear that relators were covered by the Compensation Act in their respective pursuits of baker and restaurant worker.
It is provided by Section 1465-68, General Code, that: "Every employe mentioned in section 1465-61 [which includes the relators], who is injured, * * * wheresoever such injury has occurred, provided the same was not purposely self-inflicted, * * * shall be paid such compensation out of the state insurance fund for loss sustained on account of such injury * * * as is provided in the case of other injured * * * employes." *Page 220 
Section 1465-79, General Code, states in part: "In case of temporary disability, the employe shall receive sixty-six and two-thirds per cent. of his average weekly wages so long as such disability is total."
Section 1465-84, General Code, reads as follows: "The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits."
In relation to these particular cases, does the phrase "average weekly wages" mean the amount received by the relators as firemen, or does it include the amount received as firemen and also the amount accruing from their regular occupations?
While the same is not controlling here, the Industrial Commission passed a resolution determining that relators should be compensated on the basis of employment as firemen.
The question to be decided is new in Ohio, and the decisions from other states are not helpful, by reason of the particular statutes under which those decisions were made, which differ from ours. The statutes of some states specifically cover the situation here presented.
It has been held by courts in other jurisdictions that where an employe is engaged in similar work for two or more employers at the time of an injury, his compensation should be based on the amount which he usually earned in the particular kind or type of employment, rather than on the amount he had been receiving from the particular employer in whose service he was engaged at the time of injury. Western Metal Supply Co. v.Pillsbury, 172 Cal. 407, 156 P. 491, Ann. Cas., 1917E, 390;Fidelity Union Casualty Co. v. Carey (Tex.Comm.App.),55 S.W.2d 795; Geneva-Pearl Oil Gas Co. v. Hickman,147 Okl., 283, 296 P. 954.
However, in Quebec's case, 247 Mass. 80,141 N.E. 582, 30 A.L.R., 996, involving similar employments, *Page 221 
it was held, under a general law of Massachusetts applied to the case, that where a workman, employed for distinct portions of time by two separate employers, but under the same superintendent, was injured while working for one of them, his average weekly wages received in the employ of the one for whom he was working when injured constituted the true basis for a compensation award. A like result was reached on similar facts in King's case, 234 Mass. 137, 125 N.E. 153.
The general subject is discussed, and a number of cases cited, in the notes found in 30 A. L. R., 1002 et seq., as supplemented in 58 A. L. R., 1396 et seq.
Of course, there is a clear distinction between the instant cases and those which hold that an employe should be compensated on the basis of combined earnings from all similar employments. It cannot be seriously contended that employment as a baker, and employment as a restaurant worker, respectively, are in any way related to that of volunteer fireman.
A decision more nearly in point is Village of West Salem v.Industrial Commission, 162 Wis. 57, 155 N.W. 929, L.R.A., 1918C, 1077. In that case one Voeck, a plumber, was called upon by a village marshal in an emergency to help enforce the law. He met his death in that pursuit. The Supreme Court of Wisconsin held that Voeck was a temporary policeman, performing police service within the terms of the Wisconsin Workmen's Compensation Act, and that compensation for his death while so acting could not be based upon his earnings as a plumber, but upon the earnings of one performing the duties of a policeman in that locality, or a neighboring locality, as provided by a statute which the court determined applicable.
Similar cases arriving at the same general conclusion areMillard County v. Industrial Commission, 62 Utah 46,217 P. 974, and Monterey County v. Industrial *Page 222 Accident Commission, 199 Cal. 221, 248 P. 912, 47 A. L. R., 359.
While it has always been the policy of this court to construe liberally the provisions of the Workmen's Compensation Act in favor of injured employes and their dependents, we should have to resort to a dubious and forced construction of our statutes to hold that the phrase "average weekly wages" as used therein was intended to cover both the earnings of an employe in the particular work he was performing when injured and the remuneration received in a distinct and separate employment in which he was generally engaged, and which was not connected in any way with the employment in which the injury was suffered.
We hold, upon the facts in these cases, that the relators are not entitled to awards by the Industrial Commission, as respondent, on a basis including their earnings as a baker and restaurant worker, respectively.
A writ, as prayed for, will therefore be denied in each case.
Writs denied.
WEYGANDT, C.J., STEPHENSON, JONES, MATTHIAS and BEVIS, JJ., concur. *Page 223